[No. 16020. Department Two.—January 11, 1896.]

## HANS ANDERSON, RESPONDENT, v. H. H. HINSHAW, APPELLANT.

NEGLIGENCE—FALL OF DERRICK MAST—INTERFERENCE WITH GUY ROPES—CONFLICTING EVIDENCE.—Where the plaintiff was injured by the fall of a derrick mast upon which he had climbed for the purpose of adjusting a block and tackle, and there is evidence tending to show that the defendant was negligent in attempting to change one of the two guy ropes by which the mast was sustained, the decision in favor of the plaintiff cannot be disturbed by reason of conflicting evidence to the contrary.

ID.—OVERRULING MOTION FOR NONSUIT.—Where there is sufficient testimony to justify the court in submitting the facts to a jury, it is proper to overrule a motion for a nonsuit.

ID.—APPEAL—INSTRUCTIONS NOT EXCEPTED TO.—Instructions given by the court to the jury which were not excepted to cannot be considered upon appeal.

ID.—ORDER DENYING NEW TRIAL—DISCRETION.—Where it does not appear that the court abused its discretion in denying the motion for a new trial, its order will not be interfered with upon appeal, although, if the motion had been granted, the appellate court could not have disapproved the order.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. A. A. SANDERSON, Judge.

The facts are stated in the opinion.

*Charles L. Weller*, for Appellant.

As it is impossible to reconcile the material inconsistencies of the testimony of the plaintiff, the evidence

is insufficient to justify the verdict. The motion for a new trial should have been granted. (*Jones* v. *Shay*, 50 Cal. 509; *Cooper* v. *Pena*, 21 Cal. 403; *Dickey* v. *Davis*, 39 Cal. 569; *People* v. *Baker*, 39 Cal. 687; *Hawkins* v. *Abbott*, 40 Cal. 641; *Mason* v. *Austin*, 46 Cal. 387; *Sherman* v. *Mitchell*, 46 Cal. 579.)

*Shadburne & Herrin*, for Respondent.

The granting or denying a new trial on the ground that the evidence is insufficient to justify the verdict, where there is a substantial conflict in the evidence, rests so fully in the discretion of the trial court that its action is conclusive upon this court, unless it appears that there has been an abuse of such discretion. (*Domico* v. *Casassa*, 101 Cal. 413.) As appellant did not except to the oral charge to the jury of the court below, and specify the particular portions claimed to be objectionable, his objection cannot be considered here. (*Rider* v. *Edgar*, 54 Cal. 127.)

HAYNES, C.—Appeal by defendant from the judgment and an order denying his motion for a new trial. This action was brought to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant. A jury trial was had, and a verdict returned for the plaintiff, assessing his damages at one thousand dollars. Appellant contends for a reversal principally upon the ground that the evidence is insufficient to justify the verdict.

The plaintiff was employed by the defendant as a farm hand, and, whilst so employed, he ascended a derrick mast, used in hoisting hay, for the purpose of adjusting a block and tackle; while so engaged the mast fell, as plaintiff alleges and contends, through the careless and improper interference by the defendant and his foreman with the guy ropes by which the mast was kept in position, the fall resulting in breaking defendant's leg above the knee.

The evidence is far from satisfactory as to the imme-

diate cause of the fall of the mast. At the time the plaintiff ascended the mast it was supported by two guy ropes, a third rope hanging loose from the top of the mast. Mr. Albert, the defendant's foreman, directed the plaintiff to fasten the third guy rope to a stake before ascending; but defendant said it was not necessary, as the mast was supported by the other two ropes, and he wished to use the hanging rope to climb the mast.

The plaintiff was a sailor, and had followed that occupation for six years, and found no difficulty in reaching the top of the mast. After doing some work at the top, he descended a few feet, and seated himself on the cross-arm, and sat there while Mr. Albert went to a building a hundred yards or more away to obtain a small rope. The defendant was not present when he went up the mast, but returned with Mr. Albert.

The plaintiff testified that the defendant and his foreman pulled over the derrick mast, causing it to fall; that Mr. Hinshaw went over to the loose rope that he had used in climbing the mast, and took it over to where one of the guy ropes was fastened to a post; that Hinshaw and the foreman both took hold of the loose rope, and pulled the mast right down; that both were pulling on the rope when the mast fell, but for what purpose they pulled the rope he did not know, and that Mr. Albert was trying to untie the knot from the stick that was down in the ground.

The defendant and his foreman denied having pulled upon the rope, or that they did anything to cause the mast to fall; that Mr. Albert did not touch the taut part of the guy rope at any time; that he was engaged in untying a small rope from the end of the guy rope, and not interfering with the knot by which it was secured to the post. The defendant testified that he knelt down, and held the guy rope that was fastened to a fence post, but did not pull it or work with it, and that he did not at any time take hold of the loose guy rope, or walk with it to the fastened guy near which he and his foreman were standing when it fell.

They further testified that the mast fell away from the point where they were standing, and insist that if the mast had fallen in consequence of their pulling upon the rope that it would have fallen toward them instead of away from them. The evidence is by no means satisfactory, as it appears in the record.

It is not stated that either of the two guy ropes that sustained the mast when the plaintiff went up were either broken or untied. And it would appear that if the mast was sufficiently supported to enable the plaintiff to climb to the top, work there for some time, and then sit on the mast-arm for ten or twenty minutes, that there must have been some cause operating at the time the mast fell to cause its fall other than the plaintiff's position upon the mast. C. W. Jones, a witness for the plaintiff, but who was not present at the time of the accident, testified that he had a conversation with the defendant after the accident, and asked him how it happened. That the defendant said: "They concluded [meaning himself and foreman] to move a certain guy rope that was in the corral, and I asked him whether Joe, the plaintiff, objected to moving the rope, and he said that he did not know; that Joe should not talk to him and Horace about the rope, as they were supposed to know more about it than Joe did, as he was up there, and they were down below; but said that they had concluded to move the rope that was in the corral; they were afraid that the mules would run against it. He did not say that they had moved the rope at all."

The mast supported by the two guy ropes must have leaned in a direction opposite to the points at which the guy ropes were fastened. If these ropes remained fastened, and the fall of the mast was caused by pulling upon the loose rope in the direction of one of the guy ropes, the mast must have fallen across the line drawn between the points where the guy ropes were fastened. The fall of the mast in the opposite direction shows conclusively that the fall was not caused by pulling upon the loose rope in the direction that the plaintiff

asserted; and it is equally clear that the mast could not have fallen in the opposite direction without one or both of the guy ropes breaking or being untied. The testimony of Jones tends strongly to show that the defendant and his foreman undertook to change one of the guy ropes, and that in doing so the mast fell.

The question then arises, whether the defendant was negligent in attempting to change one of the two guy ropes by which the mast was sustained, and we think the jury were clearly justified in coming to the conclusion—if they found that the defendant did undertake to move one of the guy ropes in order to change its position, while the plaintiff was upon the mast, leaving it secured by but one rope, which could not hold it in position—that it was negligence.

It is, therefore, the not unfrequent case of a conflict of testimony which will not permit a verdict to be disturbed upon appeal.

At the conclusion of the evidence defendant's counsel moved for a nonsuit, which was denied and an exception taken. There was sufficient testimony to justify the court in overruling the motion, and submitting the facts to the jury.

Appellant, in his brief, contends that certain instructions given by the court to the jury were erroneous; these instructions, however, were not excepted to, and cannot, therefore, be considered.

Another point made by appellant is, that the jury disregarded and violated the instructions given by the court upon the question of negligence. The instruction is long, and need not be stated. It was certainly favorable to the defendant, but at the same time fairly left the question for the jury to determine the cause of the fall of the mast, and whether the defendant and his foreman had negligently caused its fall.

Under these instructions, if the jury believed the testimony of the plaintiff, they could properly render a verdict in his favor.

It is also argued by appellant that the evidence of the

plaintiff was so contradictory and unsatisfactory that the court below erred in denying the defendant's motion for a new trial. It does not appear to us from the record that the court abused its discretion in denying said motion; though, if the motion had been granted, we could not have disapproved the order.

The judgment and order appealed from should be affirmed.

Britt, C., and Vanclief, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.