[No. 8721.  Department One.  June 29, 1910.]

CHARLES I. D. LOOFF *et al.*, *Appellants*, v. SEATTLE PARK COMPANY, *Respondent*.[1]

LANDLORD AND TENANT—LEASE—COVENANTS—CONSTRUCTION. Where the lessor of two blocks subleased the undivided one-half interest in one block and the easterly half of the other block, and the sublease covenanted that the sublessee could conduct certain specified amusements on the east half of the block leased and that the lessor therein should not conduct any amusement on "said premises," the sublease does not operate to restrain the lessor from conducting amusements on the west half of the block not included in the sublease.

Appeal from a judgment of the superior court for King county, Main, J., entered October 2, 1909, upon findings in favor of defendant, after a trial on the merits before the court without a jury, in an action in equity.  Affirmed.

*Charles A. Riddle* and *Thomas B. MacMahon*, for appellants.

*Ira Bronson* and *D. B. Trefethen*, for respondent.

RUDKIN, C. J.—On the 1st day of September, 1906, the West Seattle Land & Improvement Company leased blocks 455 and 456 of Seattle tide lands to Joseph L. Ward and W. W. Powers for a term of ten years.  On the 2d day of January, 1907, Ward and wife assigned all their right, title and interest in the lease to Powers, and on the 21st day of January, 1907, Powers and wife assigned to the defendant, the Seattle Park Company.  By an agreement, undated, but acknowledged by the parties on the 11th day of January, 1907, the defendant agreed to lease the easterly five lots of block 456, and an undivided one-half interest in block 455, to the plaintiff Looff, for a term expiring on the 31st day of August, 1916, subject to renewal, and on the 25th day

[1]Reported in 109 Pac. 806.

of June, 1908, a lease was executed pursuant to the last-mentioned agreement. The plaintiff Luna Park Amusement Company claimed some rights as assignee under the plaintiff Looff. The agreement for a lease between the defendant and the plaintiff Looff, and the lease itself, contained the following covenant or agreement which gave rise to the present controversy:

"It is expressly covenanted and agreed that the party of the second part [Looff] shall have the right to conduct such forms of amusement and entertainment on the said easterly five (5) lots of block 456 as he may desire, including the sale of candies, pop-corn, ice-cream and soft drinks and cigars, and all slot-machines, and nickle-in-the-slot machines, excepting as follows:

"That the party of the second part [Looff] shall not conduct any bathing establishment, any cafes, any restaurants or any skating rink on said premises; and the party of the first part [Seattle Park Company] shall not conduct any amusement except as specified on said premises."

The present action was instituted to recover the receipts of certain games and amusements conducted by the defendant on the three westerly lots of block 456, not included within the lease; to restrain the defendant from conducting or carrying on certain games and forms of amusement on said last described lots in the future, and for other relief not deemed material on this appeal.

The court below ruled that the defendant was not restricted in the use it might make of the three westerly lots of block 456, by the above mentioned covenant or agreement, and gave judgment accordingly. From this judgment, the plaintiffs have appealed.

It seems to us that the judgment of the court below should be affirmed. We look in vain to the contract between the parties for any limitation or restriction upon the right of the respondent to use its own property for any lawful purpose. The first part of the covenant or agreement upon which the appellants rely is limited by its terms to the east-

erly five lots of block 456. The words *the said premises,* in the exception or reservation, necessarily refer to the same lots, and when the same words are used a second time in the same sentence they naturally, if not necessarily, refer to the same lots. But if they do not, to what property do they refer? No other property is mentioned or described in the lease, except for the purpose of fixing the rental, and we find no justification for holding that the term *said premises,* as there used, refers to or includes the three westerly lots of block 456, rather than to any other property the lessor might own. The covenant is superfluous in some respects, and meaningless in others, but this will not justify us in giving it a meaning that its language does not convey. The right of the lessee to conduct such lawful forms of amusement and entertainment on the demised premises as he might desire would exist without an express grant, and the lessor would have no right to conduct games or amusements on the demised premises without any covenant against the right, but it is useless for us to speculate as to the probable intentions of the parties, for they have not taken the precaution to use language indicative of such intentions. Suffice it to say that the lease, as written, contains no restriction on the right of the respondent to use its own premises, in its own way, for any lawful purpose, and if the lease does not express the agreement of the parties in this respect, the remedy of the appellants is by action for reformation, and not an action based on a covenant which does not exist.

The judgment is accordingly affirmed, but the affirmance will be without prejudice to a new action to reform the lease, should the appellants elect to prosecute such an action.

CHADWICK, FULLERTON, GOSE, and MORRIS, JJ., concur.