[No. 21653.   Department One.   July 25, 1929.]

A. F. SYLVESTER, *Appellant,* v. HOTEL PASCO *et al.,* *Respondents.*[1]

*Edward A. Davis,* for appellant.

*Raleigh P. Swanner* and *Chas. W. Johnson,* for respondents.

TOLMAN, J.—Appellant, plaintiff below, has appealed from a judgment of dismissal, entered after the sustaining of a demurrer to his amended complaint and his election to stand thereon.

In substance, the amended complaint sets forth that, on March 11, 1924, the then owners of the building known as the Hotel Pasco, leased to the appellant a certain room in that building to be used as a soft drink parlor, card room and billiard parlor for the term beginning June 1, 1925, and ending May 31, 1930. The written lease, which is set out in full, among other things, provides:

[1]Reported in 279 Pac. 566.

"The lessor, for itself, its successors and assigns, agrees that during the term of this lease no other part of the building shall be rented for poolroom, card room or cigar store."

That, thereafter and on the first day of April, 1927, the owner of the building, by a written lease, let the entire building to the respondent Hotel Pasco, Incorporated, for the term of thirteen years from that date, in which lease there is incorporated the following provision:

"This lease is subject to a certain lease dated March 11, 1924, between the Kerfoot Investment Co., a corporation, to A. F. Sylvester, leasing a portion of said premises up to and including the 31st day of May 1930;"

Thereafter, on the 16th day of July, 1927, the Hotel Pasco, Incorporated, made a written lease to the appellant of the identical property covered by his lease of March 11, 1924, but at a reduced rental and for a period ending on the 31st day of July, 1932. In this lease was incorporated the following provision:

"The lessor, for itself, its successors and assigns, agrees that during the term of this lease no other part of the building shall be rented for poolroom, card room, cigar store or drinking room."

The amended complaint then alleges that, notwithstanding the terms and conditions of the leases already pointed out, the respondents have installed, and are now operating and proposing to operate, in a room in the hotel building, a soda fountain, drinking room and cigar store, in violation of the terms of the leases, which will result in great and irreparable damage and injury to the appellant and to the business which he is carrying on as lessee of the room in said building. The insolvency of the defendants is also alleged, and the absence of any speedy and adequate remedy at

law, and the prayer is for judgment for damages already accrued and for a permanent injunction restraining the defendants from conducting and operating a soda fountain, drinking room or cigar store in any part of the building referred to.

Just why the appellant pleads his original lease, is not clear. It seems obvious that, when he accepted the new lease from the respondent Hotel Pasco, Incorporated, he of necessity abandoned the original lease and all rights thereunder, and the original lease became a nullity. Undoubtedly, if an attempt were now made to collect the rental provided for in the original lease, or to limit the term to that specified in the original lease, appellant would speedily assert that his rights are to be measured by the new lease which was substituted for the original one.

The question then is, whether the provision in the lease from Hotel Pasco, Incorporated, to the appellant, stipulating that the lessor will not rent any part of the building to a competing business, binds the lessor from operating such business itself.

The authorities upon this question seem to be few, but, so far as they have come to our attention, they are all one way. The leading case in this country is *Postal Telegraph Cable Co. v. Western Union Telegraph Co.*, 155 Ill. 335, 40 N. E. 587, which reviews the authorities, including the English cases, and squarely holds that such a provision against leasing to a competing business does not bind the lessor or owner from himself engaging in such a business. Corpus Juris, basing its text on the Illinois case, says:

"A covenant that the lessor will not let other property for a business in competition with that of the lessee does not prevent the owner of the building from conducting such a competing business." 35 C. J. 1186.

Our own case of *Looff v. Seattle Park Co.*, 59 Wash. 217, 109 Pac. 806, while differing somewhat on the facts, maintains and applies the same principle of law.

Of course the respondent, having a long time lease of the entire building and being appellant's lessor, stands as to him, in exactly the same position as though it were the owner of the fee.

Since we find no authority to the contrary, and as restriction of competition is not favored in law, we are content to follow the rule as announced in Illinois, and the judgment is therefore affirmed.

FULLERTON, MAIN, and BEALS, JJ., concur.

HOLCOMB, J., concurs in the result.