No. 8107.

DODD ET. AL. *v.* MITCHELL ET AL.

LEASE.—*Construction.*—*Rent.*—A written lease of a farm for the term of five years from September 1st, 1874, stipulated for the payment of rent thus: "In consideration of said cleared land, the parties of the second part agree to pay $4.50 per acre, the first payment to be due December 25th, 1875, and the balance yearly thereafter, and to have all the woods-pasture, houses and garden on said farm rent free."

*Held,* that it should be so construed as to require the payment *yearly* of the sum named.

SAME.—A word plainly omitted from a contract by inadvertence will always be supplied to accomplish justice by enforcing the intention of the parties.

PLEADING.—*Variance.*—A writing may be pleaded according to its legal effect; and if this be done, though the strict words be otherwise, there is no variance.

From the Decatur Circuit Court.

*E. P. Ferris* and *W. W. Spencer*, for appellants.

*A. Major, S. Major, B. F. Love* and —— *Morrison,* for appellees.

BICKNELL, C. C.—This was an action to recover rent due upon a written lease of land. The appellee Reuben Mitchell as lessor brought the suit against John Dodd and George W. Jenkins as lessees, and Joseph Mitchell and Nicholas Bailey as their sureties.

Reuben Mitchell obtained a judgment below and assigned it to Daniel Hendrickson; the defendants below appealed and made Hendrickson a party to the appeal.

The complaint was in two paragraphs, the second paragraph was withdrawn; motions by appellants to strike out parts of the first paragraph were overruled; a demurrer by the appellants to the first paragraph of the complaint was overruled; to all of these rulings the appellants excepted and they filed a general denial of the first paragraph of the complaint.

The issue was tried by the court without a jury, and at the request of appellants the court stated in writing the facts

and the conclusions of law separately. The appellants excepted to the conclusions of law; they also moved for a new trial and set out the evidence in a bill of exceptions.

The reasons for a new trial were:

First. That the finding was not sustained by sufficient evidence.

Second. That the finding was contrary to law and the evidence.

Third. That the court erred in permitting the plaintiff to read in evidence the lease dated April 8th, 1874, because said lease differs from the contract described in the complaint in this, to wit: The complaint describes a contract binding the defendants to pay the sum of $4.50 for each acre of cleared land yearly for five years, while the lease offered in evidence bound the defendants to pay only $4.50 for the whole term of five years.

The motion for a new trial was overruled and judgment was rendered on the finding.

The appellants assign errors as follows:

First. The court erred in its conclusions of law upon the facts found.

Second. The court erred in overruling the demurrer to the complaint.

Third. The court erred in refusing to strike out parts of the complaint.

Fourth. The court erred in overruling the motion for a new trial.

The principal question in this case is, did the court below rightly construe the contract sued on; if the court's construction was right, the first three errors assigned amount to nothing.

The lease sued on, as to reservation of rent, was as follows: "The parties of the second part have this day rented from the party of the first part his home farm and the cleared land on what is known as the Joseph Donica farm; the par-

ties of the second part are to have all the cleared land for the term of five years, from September 1st, 1874, and hold the same for five years from this date ; and, in consideration of said cleared land, the parties of the second part agree to pay $4.50 per acre, and the first payment to be due the 25th day of December, 1875, and the balance to be paid yearly thereafter ; the parties of the second part to have all the woods-pasture on said farm free, and the houses and garden on said farm to be rent-free for said five years ; and the parties of the second part agree to secure the above contract with good freehold sureties, this April 8th, 1874.

"REUBEN MITCHELL. [Seal.]

> "JOHN DODD,          [Seal.]
> "G. W. JENKINS,      [Seal.]
> "JOSEPH MITCHELL, [Seal.]
> "NICHOLAS BAILEY. [Seal.]"

It will be observed that the lessees and the sureties all sign the lease, but the names of the sureties are not in the body of the lease.

The complaint alleged the execution of the lease for the term of five years from and after September 1st, 1874, and that $4.50 were to be paid by the lessees "for each and every acre of cleared land contained in said farm, for each year of said term, the same to be paid on the 25th day of December, 1875, on the 25th day of December, 1876, on the 25th day of December, 1877, on the 25th day of December, 1878, and on the 25th day of December, 1879 ;" that there were 124 acres of cleared land on the farm, and that the payments for 1876, 1877 and 1878 were all due and unpaid, to wit, $558 for each of those years ; and that said Mitchell and Bailey signed said lease with the intent and for the express purpose of binding themselves as sureties for said Dodd and Jenkins.

A copy of the lease, marked "Exhibit A," was filed with the complaint.

Dodd *et al. v.* Mitchell *et al.*

The bill of exceptions shows that the evidence in the case consisted of the lease, a copy of which was annexed to the complaint; an admission by the parties that there were 124 acres of cleared land in the home farm, mentioned in the complaint; that Dodd and Jenkins were put in possession of said home farm, on September 1st, 1874, and have been in possession ever since; and that this was all the evidence given in the cause.

The court found the facts specially as follows:

"*First.* That on the 8th day of September, 1874, the plaintiff, Reuben Mitchell, and the defendants, John Dodd, George W. Jenkins, Joseph Mitchell and Nicholas Bailey entered into the contract set out in the complaint." The special finding then sets out the lease at full length, containing, among other things, the provisions hereinbefore set forth.

*Second.* That John Dodd and George W. Jenkins signed said contract as principals, and said Joseph Mitchell and Nicholas Bailey as sureties for said Dodd and Jenkins.

*Third.* That the farm rented contained 124 acres of cleared land, of which the defendants Dodd and Jenkins took possession September 1st, 1874, and have remained in possession ever since under said lease.

Upon the facts thus found the court made the following conclusions of law, to wit:

First. The terms of said lease bind the defendants to pay $4.50 per acre for each acre of cleared land on said home farm, for each year for the term of five years, and that there was due the plaintiffs December 25th, 1876, $558 on said contract—also on December 25th, 1877, $558, and on December 25th, 1878, $558; that each of said sums bears interest from the time it was due to date, aggregating in principal and interest the sum of $1,800.15, and that plaintiff is entitled to recover that amount against said defendants Dodd and Jenkins as principals, and Joseph Mitchell and Nicholas Bailey as sureties.

The conclusions of law upon the facts found were right. The appellants claim, that, under the contract, the lessees were to pay only $4.50 per acre for the whole five years; but, under that construction, the lessees would pay only ninety cents per acre yearly for land in Shelby county, 124 acres of cleared land, and would have the woods-pastures and houses and garden free, and under that construction there would be no way of ascertaining the amount of the first payment. It was, undoubtedly, the intention of the parties that the lessees should pay $4.50 per acre yearly, the first payment to be made on the 25th of December, 1875, and the remaining payments to be made yearly thereafter. Such would be the construction of the contract, if the word "yearly" had followed after the words "$4.50 per acre." A word plainly omitted by inadvertence will always be supplied to accomplish justice by enforcing the intention of the parties. Thus, in *Hathaway* v. *Power*, 6 Hill, 453, it was held, that, "although the intention of the parties be in opposition to the strict letter, it must prevail when clearly ascertained thereby." In *Barlow* v. *Scott*, 24 N. Y. 40, it was held, that a promise must be interpreted in the sense in which the promisor knew that the promisee understood it. Where a material word appears to have been omitted in a lease by mistake, and other words can not have their proper effect unless that word be introduced, such lease must be construed as if that word were inserted, although the particular passage where it ought to stand conveys a sufficiently definite meaning without it. Wood on Landlord and Tenant, p. 463. So, where a bill of exchange was made for twenty-five shillings, the court supplied the word "pounds." *Phipps* v. *Tanner*, 5 C. & P. 488. See also *Jarvis* v. *Wilkins*, 7 M. & W. 410; *Maggart* v. *Chester*, 4 Ind. 124; *Knisely* v. *Shenberger*, 7 Watts, 193, cited with approbation in *Scheid* v. *Leibschultz*, 51 Ind. 38.

It follows from the foregoing, that the complaint was

sufficient; that there was no error in overruling the demurrer to it, nor in overruling the motion to strike out parts of it.

As to the motion for a new trial, the finding was sustained by the evidence, and was not contrary to law, and there was no error in permitting the appellee to read the written contract in evidence. A surety who signs an instrument is bound thereby, although his name is not in the body of it. *Scheid* v. *Leibschultz, supra.* The motion for a new trial was properly overruled. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby in all things affirmed, at the costs of the appellants.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—It is urged in the petition for a rehearing, that there is a substantial variance between the lease and the allegations of the complaint, but there is no such variance. A writing may be declared upon according to its legal effect, and, when so declared upon, there is no variance on that account. The pleader in this case stated the legal effect of the writing, and the court below, in its conclusions of law, did the same, and both were right.

PER CURIAM.—The petition for a rehearing is overruled.