(110 App. Div. 676.)

PEOPLE v. TORN et al.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

BAIL—SUFFICIENCY OF RECOGNIZANCE TO BIND SURETY.

Under Code Cr. Proc. § 568, requiring a recognizance to be substantially in the form prescribed thereby; one reciting the amount in which the principal has been admitted to bail, and signed and acknowledged by the principal and surety, the latter justifying in twice such recited amount, is sufficient to constitute a contract enforceable against the surety, though the blank for the amount agreed to be paid if the principal fail to appear is left unfilled.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Bail, § 229.]

Appeal from Special Term.

Judgment for the people for $2,000 was entered against Stanislaus Torn, principal, and Leo Freedman, surety, on forfeiture of a recog-

nizance given by Torn on being admitted to bail. From an order vacating the judgment as to Freedman, the people appeal. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGH-LIN, LAUGHLIN, and CLARKE, JJ.

Robert E. Johnstone, for the people.

Michael H. Harris, for respondents.

LAUGHLIN, J. The principal, Stanislaus Torn, was duly arrested on the 24th day of February, 1903, on the charge of sodomy. On being arraigned before one of the magistrates of the city of New York, he waived examination, and was held to answer and bail was duly fixed at the sum of $2,000. Two days later, pursuant to the order fixing the amount of his bail, the defendant gave a recognizance with Freedman as his surety, and which was approved and accepted, and he was admitted to bail, which in contemplation of law transferred his custody to his surety. Pernetti v. People, 99 App. Div. 391, 91 N. Y. Supp. 210; People v. Gilman, 125 N. Y. 372, 26 N. E. 469. On the 4th day of March thereafter, Torn was duly indicted by the grand jury. He was duly arraigned on the indictment on the 14th day of March, and pleaded not guilty. The trial of the defendant on the indictment was duly moved in the Court of General Sessions on the 22d day of June, 1903, and the defendant failed to appear whereupon the court ordered his recognizance forfeited, and judgment was duly entered against the principal and surety pursuant thereto. The order vacating the judgment appears to have been granted upon the ground that the recognizance was void, and that is the only theory upon which the respondent claims that it should be sustained. Section 551 of the Code of Criminal Procedure, defines the taking of bail to be "the acceptance by a competent court or magistrate of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, or that the bail will pay to the people of this state a specified sum." The form of the undertaking used was that prescribed by section 568 of the Code of Criminal Procedure, except that in the blanks for the insertion of the sum in which the defendant was admitted to bail, and the sum which the principal and surety undertook to pay in case of default, the word "hundred" was printed preceding the word "dollars," thus leaving a blank for the insertion of the number of hundreds dollars instead of the number of dollars. The blanks in the undertaking were all properly filled except the last in which no number was written, so that it appears blank "hundred dollars." The failure to fill in this blank is the precise objection to the validity of the bond. In the first blank "twenty" was written. This showed clearly that the defendant had been admitted to bail in the sum of "twenty hundred dollars," which was in accordance with the order of the magistrate, who fixed the bail, and before whom the undertaking was executed. The undertaking was signed and acknowledged by the principal and surety, and the latter duly justified in the sum of "forty hundred dollars" in twice the amount of the undertaking.

The surety by executing this undertaking secured the release of his principal from the custody of the law, and it would seem that he should

now ,be deemed estopped from contesting the validity of the undertaking on this point. It is manifest that the magistrate intended to fill in the blanks properly. The surety knew the amount he was required to become obligated for as a condition of obtaining the defendant's release; as clearly shown by the recital over his signature of the amount in which the defendant was admitted to bail and by the amount in which he justified and by an affidavit made on a former application herein, in which he states that he signed a surety in the sum of $2,000. In these circumstances the surety either intended in good faith to become contingently liable for $2,000 or he intended to perpetrate a fraud upon the people. If the former, then the judgment is in accordance with the contract the people intended to exact, and he intended to make, and no harm is done; and if the latter, he should not be permitted to consummate his fraudulent scheme.

Section 684 of the Code of Criminal Procedure prescribes that "neither a departure from the form or mode prescribed by the Code, in respect to any pleadings in proceedings, nor an error in mistake therein, render it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice in respect to a substantial right." This section clearly embraces an undertaking, at least so far as the defendant is concerned, and whether or not it prescribes the rule of construction as against the surety it would seem to be proper to adopt it by analogy, for there should not be one rule holding such an undertaking good as against the principal, and a different rule under which it might be declared bad as against the surety. Section 568 does not require that the form therein prescribed be literally followed, but only that the undertaking shall be "substantially" in that form. The form prescribed requires a recital of the nature of the offense. It has been held that an inaccurate or insufficient designation of the crime, or a failure to state a crime, does not relieve the surety from liability. People v. Russell, 35 Misc. Rep. 765, 72 N. Y. Supp. 1, affirmed 67 App. Div. 620, 74 N. Y. Supp. 1141, and appeal dismissed 171 N. Y. 655, 63 N. E. 1120; People v. Gilman, supra.

The argument of the learned counsel for the respondent proceeds upon the theory that the recital as to the amount in which the defendant was admitted to bail cannot be considered in ascertaining the intention of the surety, and that his liability is to be determined from the penalty clause alone and thereby is, at least, limited to $100 and some decisions tending to support that theory are cited. We are of opinion that the undertaking is to be construed as a whole (Sachs v. Am. Surety Co., 72 App. Div. 60, 76 N. Y. Supp. 335), and that considering all of its provisions together and the purpose for which it was given the intention of the parties and the true construction are sufficiently expressed and free from ambiguity to constitute it an enforceable contract. See Schoonmaker v. Hoyt, 148 N. Y. 425, 42 N. E. 1059; People v. McCoy, 39 Barb. 73; 3 Am. & Eng. Enc. Law (2d Ed.) p. 707. Where the intention of the parties is plain and a material word of a contract whether of suretyship or not, has been omitted, it is not essential that the instrument be reformed, for in an action at law to enforce liability thereunder, the omitted word may be read into the contract if necessary. Green v.

Walker, 37 Me. 25; Coles v. Holme, 8 B. H. 568; Waugh v. Russell, 5 Taunt. 707; Gran v. Spangenberg, 53 Minn. 42, 54 N. W. 933; Dodd v. Mitchell, 77 Ind. 388; Gallagher v. Quinlan, 10 App. Div 402, 41 N. Y. Supp. 874; Fairchild v. Lynch, 42 N. Y. Super. Ct. 265.

It follows that the order should be reversed, with $10 costs, and disbursements, and motion denied, with $10 costs. All concur.