[Civ. No. 151.   Second Appellate District.—March 27, 1906.]

JOHN SHAFER, Respondent, v. J. G. SLOAN, Appellant.

Sale of Merchandise in Store—Contract of Seller to Discontinue in Business—Construction of Contract—Sale of Business and Goodwill.—A written contract to sell "all my right, title and interest in and to the goods, wares and merchandise in my storeroom," etc., excepting certain articles, and agreeing that the seller should not enter into or engage in the occupation of keeping a second-hand store in the town, so long as the purchaser should continue in such business, upon default of which the seller would pay to the purchaser the sum of $500, indicates upon its face the sale of a business, and is to be construed as carrying with it the goodwill of the business.

Id.—Action for Breach of Contract—Explanatory Evidence.—In an action by the purchaser to recover the sum of $500 for alleged breach of such contract, where the complaint alleged a sale of a stock of second-hand furniture with the goodwill, oral evidence was admissible, under section 1647 of the Civil Code, which pro-

vides that ''a contract may be explained by reference to the cir-
cumstances under which it was made, and the matter to which it
relates,'' to show that the defendant was seeking to sell an es-
tablished second-hand store business in the town, thus indicating
the obvious intention of the contract to sell the goodwill of the
business. Such evidence did not tend to create a new contract,
or to enlarge the terms of the original written contract.

ID.—EXCESSIVE RESTRICTION OF BUSINESS—CONTRACT VOID ONLY AS TO
EXCESS.—The contract not to engage in the occupation of a second-
hand dealer, so long as the purchaser continues in such business,
without restricting it to ''similar business'' as provided in section
1671 of the Civil Code, is not wholly void, on that account, but only
to the extent to which it attempted to enlarge the rights of the
purchaser beyond the statute.

ID.—BREACH OF CONTRACT FOR SALE OF GOODWILL OF BUSINESS—
LIQUIDATED DAMAGES—PLEADING.—The damages for the breach
of a contract for the purchase of the goodwill of an established
trade or business are so absolutely uncertain that the courts recog-
nize the fullest liberty of the parties to fix beforehand the amount
of damages in this class of cases; and the contract, in such case, be-
ing for liquidated damages, and not evidently intended as security
for actual damages, it was not necessary for the plaintiff to plead
or prove the impracticability of fixing the damages.

APPEAL from a judgment of the Superior Court of San
Bernardino County. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Henry M. Willis, for Appellant.

Byron Waters, for Respondent.

ALLEN, J.—Action for damages. Findings and judgment
in favor of plaintiff for $500, from which defendant appeals.
The complaint, the allegations of which were by the trial
court found to be true, alleges the sale by defendant and
purchase by plaintiff in 1886 of a stock of second-hand furni-
ture, together with the goodwill, under a written agreement
that defendant should not engage in the occupation of keeping
a second-hand store in the town of San Bernardino so long
as plaintiff should continue in such business, upon default of
which defendant should pay to plaintiff the sum of $500. It

is further alleged that plaintiff is, and ever since such sale has been, engaged in such business. That defendant, in 1903, entered into and engaged in the second-hand business in said town, to plaintiff's damage in the sum of $500.

The principal contention of appellant is that the goodwill was not sold under the terms of the written contract, which only specified that the sale was of "all my right, title and interest in and to the goods, wares and merchandise in my storeroom," etc., excepting certain articles specified, coupled with an agreement that the seller should not enter into or engage in the business or occupation of a second-hand dealer in the town of San Bernardino so long as the buyer should continue in business. We are of opinion that, by a fair interpretation of this entire agreement, it indicates upon its face the sale of a business. The sale of the contents of a store amounts to a sale of the store. The subsequent provision by which the seller agrees not to engage in the second-hand business accentuates the correctness of this interpretation. Section 1647, Civil Code, provides: "A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." Under this provision, if any uncertainty exists as to the intent, the oral proof adduced upon the trial—and which, in our opinion, was properly admitted—demonstrated that the defendant was seeking to purchase an established second-hand store business in the town of San Bernardino. If, then, the contract related to the sale of a business, such contract has received a construction in *Streeter* v. *Rush*, 25 Cal. 68, in which it is held that the obvious intention of such contract is to sell the goodwill of such business. It is true the contract is in excess of the rights conferred by section 1674, Civil Code, in that it undertakes to restrict the right to engage in business so long as the party of the first part may continue in business, omitting the words "similar business" found in the section. This, however, would not render the contract thereby void, but only to the extent to which it attempted to enlarge the rights beyond the statute. (*Brown* v. *King*, 101 Cal. 299, [35 Pac. 995].) "The damages for breach of contract for the purchase of the goodwill of an established trade or business are so ab-

3 Cal. App.—22

solutely uncertain that courts have recognized the fullest liberty of parties to fix beforehand the amount of damages in that class of cases." (*Potter* v. *Ahrens,* 110 Cal. 681, [43 Pac. 389].) The contract, therefore, being of such character, it was unnecessary to plead or prove the impracticability of fixing the damages, which is the rule when contracts are not of such obvious character. (*Long Beach etc.* v. *Dodge,* 135 Cal. 405, [67 Pac. 499].) It not appearing clearly that the penalty inserted was intended as security for the payment of actual damages, the court will regard the amount as liquidated damages. (*Streeter* v. *Rush, supra.*)

We think there was no error in the admission of the evidence excepted to, which was all received in explanation of the circumstances under which the contract was made and in relation to the subject matter of the contract, and the tendency of which was not to create a new contract or to enlarge the terms of the original written contract. There is no point made upon this appeal, nor in the court below, of the insufficiency of the complaint by reason of the absence of the allegation of nonpayment of the damages, and the same is, therefore, not considered.

We perceive no error in the record, and the judgment is ordered affirmed.

Gray, P. J., concurred.

Smith, J., concurred on the authority of *Streeter* v. *Rush,* 25 Cal. 67, cited in the opinion.