[Civ. No. 1828.   First Appellate District.—April 26, 1916.]

ROY AKERS, Appellant, v. CARL RAPPE, Respondent.

CONTRACT—SALE OF JEWELRY BUSINESS—AGREEMENT NOT TO ENGAGE IN SIMILAR BUSINESS—EVIDENCE—BREACH OF CONTRACT.—A contract in which it was agreed that the seller of a jewelry business would not engage in the same business in the city in which such business was being conducted, for the period of twenty years, either for himself or as the employee of another, and that if he did so he would respond in liquidated damages in a specified sum, is violated by the opening of another jewelry store in the same city under the name and sign of the son of the seller in the building owned by the latter, who personally superintended the fitting

up of the store, furnished all money for the purchase of the stock, and for a considerable period of time after the opening of the store did all of the finer and more extensive repair work in the store premises and collected and receipted for the money paid for such work.

ID.—CONTRACT NOT TO ENGAGE IN BUSINESS FOR TWENTY YEARS—TIME NOT UNREASONABLE.—A contract not to engage in the same business for the period of twenty years in the city in which a business sold was conducted is not void on the ground that the time is unreasonably long, where the successors in interest of the buyer, after the lapse of six years of the time, are still conducting the original business.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Appellant.

George P. Burke, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the defendant in an action brought by the plaintiff to recover the sum of three thousand dollars as stipulated damages upon a contract between the defendant and the predecessors in business of the plaintiff made in partial restraint of trade.

The facts of the case are substantially these: Carl Rappe, the defendant in this action, for many years conducted in the city of Watsonville a jewelry store known as Rappe's Jewelry Store. After building up the business he sold his store and the goodwill of the establishment in the year 1905 to a certain firm, and in connection with the sale entered into a written contract agreeing that he would not engage in the same business in the city of Watsonville for the period of twenty years, either for himself or as the employee of another, and that if he did so he would respond in liquidated damages to the extent of three thousand dollars. The purchasers took possession of the store, and after conducting its business for a time the firm dissolved, and one of its members became the owner of the establishment. Later on he sold to the plaintiff herein, transferring by the sale the goodwill of the business, and some time later indorsing and transferring the particular

contract in restraint of Rappe's right to conduct a like business in that town. The plaintiff thereafter continued to conduct the jewelry business at its established place. In the month of April, 1912, another jewelry store was opened in Watsonville under the name and sign of "Herbert Rappe, jeweler." Herbert Rappe was the son of the defendant Carl Rappe; and it is the said defendant's connection with the opening and conduct of said store which constitutes the gravamen of the plaintiff's claim in this action.

The evidence educed at the trial shows the following facts with reference to the defendant's connection, activities, and interest in the establishment and conduct of said store, which facts are in the main extracted from the statements of the defendant and his son Herbert Rappe while upon the witnessstand, and which are in the record substantially without contradiction. These facts are that the defendant owned the building in which the said jewelry store was opened and conducted under the name of his son; the defendant personally superintended the fitting up of the store; the defendant furnished all the money for the purchase of the stock of goods and personally selected and purchased the stock; the defendant advanced such additional moneys as were needed from time to time in the conduct of the business. The defendant's son kept no bank account, and the defendant gave his son checks on his own bank account from time to time to pay the bills of the store. The defendant consulted with his son and advised him as to the purchase of goods. At the time of the opening of the store the son of the defendant was not a jeweler and had no experience or expertness in the conduct of such an establishment. At the time the store was opened an announcement card was prepared, printed, and generally circulated in the community announcing the opening of "Rappe's Jewelry Store," and signed "Rappe the Jeweler." The defendant knew of the preparation and contents and circulation of said circular, and consulted and advised with his son as to the list of people to whom it should be sent. When the business was opened the defendant was the only watchmaker or jeweler connected with it or employed in the store. For a considerable period after the store was opened the defendant openly worked in the store at a bench in the front of the store and facing the show-window, where he would be conspicuous to passers-by and customers. During a consider-

able period following the opening of the store the defendant did all of the finer and more expensive repair work done in the establishment while sitting at this bench in view of passers-by, and collected and receipted for the money paid for such work, and in fact during the first year the store was opened made fully two-thirds of the sales and collections, and spent the larger portion of his time during business hours behind the counter or at work at his bench in the store.

From these practically undisputed facts this court is compelled to the conclusion that the evidence establishes without substantial contradiction that the defendant, by his foregoing acts and conduct in connection with the establishment of another jewelry store under the name of his son, violated the spirit and letter of his contract made with the predecessors of the plaintiff and to which the latter succeeded both by the purchase of the goodwill of the former business, and by the assignment to him of said contract, and that the defendant has thus rendered himself liable to pay the stipulated damages provided in said contract.

The respondent urges in support of the judgment of the trial court that there is a sufficiently substantial conflict in the evidence to sustain such judgment; but upon an examination of the entire record we are satisfied that whatever conflict there may be in minor portions of the evidence educed at the trial, the essential facts above set forth are practically undisputed, and that this being so there is no such substantial conflict as would justify this court in sustaining the judgment.

The respondent further contends that the contract in partial restraint of trade upon which this action was predicated is void for the reason that it provides for an unreasonable length of time during which the defendant must refrain from engaging in business. We cannot agree with this contention. Section 1674 of the Civil Code provides that "One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or a portion thereof as long as the buyer or any person deriving title to the goodwill from him carries on a like business therein." The evidence shows that the plaintiff is still engaged in conducting the original business under a title thereto and to the goodwill thereof derived from the persons to whom the defendant sold the same, and with whom such contract was made, and that about six years intervened be-

tween the time of such original sale and the time of the opening of the second store. We think that these facts bring the case clearly within the provisions of the above section of the code, and also within the line of cases holding similar contracts to be valid. (*Brown* v. *Kling,* 101 Cal. 295, 299, [35 Pac. 995] ; *City Carpet etc. Works* v. *Jones,* 102 Cal. 506, [36 Pac. 841] ; *Ragsdale* v. *Nagle,* 106 Cal. 332, [39 Pac. 628] ; *Shafer* v. *Sloan,* 3 Cal. App. 337, [85 Pac. 162].)

For the foregoing reasons the judgment is reversed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 22, 1916.