[Civ. No. 4177. Second Appellate District, Division One.—June 8, 1923.]

## LENA BARRAGER, Appellant, v. JAMES L. WALLS, Respondent.

[1] SALES — BREACH OF COVENANTS — DRAWING OFF CUSTOMERS — ENGAGEMENT IN SIMILAR BUSINESS — FINDINGS — EVIDENCE. — In this action to recover the balance alleged to be due plaintiff on the sale to defendant of a certain business, in which defendant pleaded, by way of affirmative defense, a breach by plaintiff of the provisions of the bill of sale, the evidence was sufficient to justify the findings of the trial court that plaintiff, through her husband, drew off and deprived defendant of customers of the business sold and that plaintiff's husband entered into a business of a similar nature

within the county within one year from the date of the sale to defendant.

[2] ID.—VIOLATION OF ONE PROVISION—INSUFFICIENCY OF EVIDENCE OF OTHER VIOLATIONS—REVERSAL OF JUDGMENT.—In such action, the trial court having found on sufficient evidence that plaintiff's husband had established and carried on a similar business to that sold by plaintiff to defendant, contrary to the express provisions of the bill of sale transferring the said business to defendant, the fact that there was not sufficient evidence to justify the further finding of the court with reference to the use by plaintiff's husband of certain formulas sold to defendant, contrary to the express provisions of the bill of sale, did not require a reversal of the judgment rendered by the trial court in defendant's favor.

[3] ID. — SALE OF BUSINESS AS WHOLE — VALUE OF GOODWILL — DAMAGES—EVIDENCE.—In such action, the evidence having shown that the business, consisting of leases, machinery, equipment, formulas, automobiles, accounts and notes payable, cash and goodwill, was sold to defendant as a whole, for a specified sum, a part of which was paid in cash, the balance being evidenced by a check which had not been paid, evidence that the entire business purchased by defendant from plaintiff was ruined by the acts of herself and husband did not justify a finding that the amount of such check was the amount of defendant's damage, on the theory that such check represented the purchase price of the business and goodwill.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Reversed.

The facts are stated in the opinion of the court.

Burrel D. Neighbours and F. A. Jeffers for Appellant.

Wm. T. Kendrick, Jr., for Respondent.

CURTIS, J.—This action was instituted for the purpose of recovering the sum of $2,750 alleged to be due plaintiff on the sale of a certain business carried on in the city of Los Angeles, formerly owned by plaintiff, and by her sold to defendant on April 4, 1921. Defendant, after denying certain allegations of the complaint, set up as an affirmative defense, that he purchased the business and the property pertaining thereto from the plaintiff and her husband, paying therefor the sum of $4,115 in cash and giving his check

---

3. Damages recoverable for injury to goodwill of business, note, Ann. Cas. 1914B, 879.

for $2,750 additional. He admitted said check had not been paid. He further alleged that plaintiff and her husband executed to him a bill of sale of said business and property, wherein they transferred said business and property, together with the goodwill of said business to defendant, and further promised not to carry on or engage in a similar business within the city of Los Angeles for a period of one year, and that they would not use in the state of California, the formulas used by defendant, or which had been theretofore used by plaintiff in said business; that immediately after said sale the plaintiff and her husband conspired to destroy defendant's business and to draw off customers from defendant by importuning them not to patronize defendant, but to do business with others, and represented to numerous regular customers of the defendant that defendant was soon to cease doing business and would soon be out of said business, and recommended said customers to purchase goods from persons other than said defendant; that pursuant to said conspiracy and as a result of the acts of said plaintiff and her husband, a large number of regular and other customers of the defendant in said business had been induced to withdraw their business from defendant, and defendant had thereby been deprived to a large extent of the goodwill so purchased by him to his damage in the sum of $2,750, and that plaintiff and her husband are using, through others, the formulas mentioned in said bill of sale and contrary to the provisions thereof; and that plaintiff and her husband have co-operated with others to take away the business from the defendant.

[1] The court found in favor of defendant upon all the issues raised by his separate defense and gave judgment in his favor, it having been stipulated that all the acts of F. J. Barrager, the husband of plaintiff, might be considered to be the acts of the plaintiff. Plaintiff appeals from said judgment, and the sole ground of her appeal is that there is no evidence to support the findings of the court.

Appellant first claims that there is no evidence to show that either she or her husband ever drew off or deprived respondent of the trade of a single customer of the business sold.

The witness Houk testified that he was present when appellant's husband, with a Mr. Lieb, were endeavoring to

persuade a Mr. Fontes, a customer of respondent, to transfer his business from the defendant to a new firm composed of Barrager and Lieb. The witness Conboy testified that all of the customers of the defendant were taken away. He further testified that Barrager and Lieb simply froze the respondent out; that they took his money and then froze him out, and that they started in business again. This testimony would tend to establish the fact that the husband of appellant, F. J. Barrager, drew off and deprived respondent of the trade of the customers of the business sold, and when taken in connection with the stipulation above mentioned was sufficient to support the finding of the court upon this issue.

Appellant next specifies that the record does not show that appellant or her husband entered into any business of a similar nature within the county of Los Angeles within one year from the date of the sale to respondent. The business sold to respondent was known as the Cabin Beverage Company and consisted of the manufacture and sale of cider. The witnesses, Swisher, Houk, Vail, and Conboy, all gave testimony tending to prove that immediately after the sale by appellant to respondent, L. J. Barrager and Lieb entered into the business of manufacturing and selling cider within the city of Los Angeles. This testimony it is true is disputed by L. J. Barrager and other witnesses of appellant, but the trial court evidently was impressed with the testimony of respondent's witnesses, and found, upon their testimony, in favor of respondent. The testimony above referred to amply supports this finding.

[2] The third exception taken by appellant to the findings of the court is that the record nowhere shows that appellant or her husband ever used or attempted to use the formulas used by the Cabin Beverage Company and sold by appellant to respondent. There is very little testimony upon this issue, and it may be doubted whether there is sufficient testimony to support this finding, but conceding this to be true, it does not necessarily follow that for this reason the judgment should be reversed. The court having found on sufficient evidence that F. J. Barrager, appellant's husband, had established and carried on a similar business to that sold by appellant to respondent, contrary to the express provisions of the bill of sale transferring the said business, it would not be a matter of any great consequence, legally

speaking, whether or not he used in this business the formulas which he had formerly used in the business of the Cabin Beverage Company. If it had been satisfactorily proven that he had used these formulas, this fact would have been an additional reason why respondent should have prevailed in this action, but the failure of respondent to establish this fact after having established other facts which in themselves were sufficient to entitle him to recover, would not in any way impair or invalidate the judgment in his favor.

[3] The further objection is made that there is no evidence to support the finding that respondent was damaged in the sum of $2,750. It is not claimed that there is any direct testimony as to the amount of damages sustained by respondent.

But it is contended on behalf of the respondent that he paid for said business and goodwill a consideration of $2,750, and that there is evidence to the effect that all of the customers of the respondent were taken away from him, and that "they simply got him out of business—took his money and then froze him out." In other words, respondent claims that the testimony shows that the entire business purchased by him from appellant was ruined by the acts of herself and husband, and that as he paid the sum of $2,750 for said business and goodwill, that he was damaged in at least the amount of said sum. We agree with respondent to the extent that the testimony justifies the finding of the court that his business was practically destroyed by the acts of the Barragers, but we are not entirely convinced that there is any testimony which warranted the court in fixing the amount of damages sustained by respondent at the sum of $2,750. The price fixed by the bill of sale which defendant was to pay was $4,115 in cash, and the check of $2,750. There is no dispute upon this point. The property transferred by the bill of sale was "the goods, chattels and personal property of every kind and nature now on hand and used or heretofore used in the business commonly known as the Cabin Beverage Company, located at 1200 West Fifty-eighth street, in the City of Los Angeles, County of Los Angeles, State of California, together with all machinery, equipment, and formulas used in making products handled or used by the said business as well as all fixtures, paraphernalia used therein, including all barrels, kegs, one Ford

Roadster, and one Moreland truck, as well as all outstanding accounts, notes, bills payable due to them and all debts and obligations due and owing to them or either of them, including all things used and connected in any way with the said business, including all cash in bank belonging to the said firm, including also the lease on the real property and all leases on all property now or heretofore used or owned in connection with the said business including also all personal property specially set forth in the schedule hereto attached marked 'Exhibit A,' and made a part hereof. It being understood and agreed that the lease of the real estate heretofore described will be assigned to the said Walls simultaneously with this transfer and the said vendors agree to assign and deliver all accounts, notes, bills and other papers concerning the said business, together with the business and good will of the said business heretofore conducted by the said vendors at the place aforesaid.''

This property was sold as a whole for the stipulated sum of $6,865, the business and goodwill was only a part of the property to be transferred. Conceding that the business was absolutely and totally destroyed, yet the respondent still had in his possession, as a result of the purchase from appellant, a large amount of personal property, consisting among other things of a Moreland truck, a Ford roadster, machinery, equipment, and fixtures, outstanding accounts, cash in bank and leases of real property.

It may be conceded that proof of the agreed price of the property sold is a *prima facie* showing of its value, yet we have in this action proof of the agreed price of the whole of the property sold when damages are sought for the loss of only a part of it.

It may be true as contended by respondent that plaintiff alleged in paragraph III of her complaint that the $2,750 was agreed to be paid for ''all the interest of plaintiff, of, in and to said business.'' The court found paragraph III to be true. The court further found that defendant purchased the whole of the property described in the bill of sale for the sum of $4,115 in cash and the check for $2,750, amounting in the aggregate to the sum of $6,865.

There was no evidence, nor was it claimed during the trial, that the sum of $2,750 or any specific amount was paid for the business and goodwill, separate and apart from the con-

sideration paid for all the property described in the bill of sale. On the other hand, the testimony shows that the property was sold and agreed to be paid for as a whole, and in our opinion the findings are to be so construed.

It follows, therefore, that the record fails to show that there was any evidence to justify the finding that defendant was damaged in the sum of $2,750. All the other findings of the court are sustained by the evidence, and it is not necessary to disturb any of them. It will be necessary, however, that there be a new trial upon the issue as to the amount of damages sustained by defendant, and there should be a reversal for that purpose alone.

It is ordered that the judgment be reversed and that the cause be remanded for a new trial on the issue as to the amount of damages sustained by the defendant, and for further proceedings in accordance with this opinion.

Conrey, P. J., and Houser, J., concurred.