[No. 19665. Department Two. April 15, 1926.]

McKEIGHAN WACHTER COMPANY, *Appellant*, v. PETER SWANSON, *Respondent*.[1]

[1] GOOD WILL (3)—CONTRACTS NOT TO ENGAGE IN BUSINESS—ACTION FOR BREACH—SUFFICIENCY OF EVIDENCE. The sale of defendant's "garage business" with an agreement not to re-engage therein in that county, is not violated by the erection of a garage building across the street and renting it to a firm which included defendant's son, to whom he loaned a small sum of money, the court finding that he had taken no active participation in the business (MACKINTOSH, J., dissenting).

Appeal from a judgment of the superior court for Skamania county, Simpson, J., entered December 23, 1924, upon findings in favor of defendant, in an action to enjoin the breach of a contract not to compete in business. Affirmed.

*Zent & Lovell*, for appellant.

*Miller, Wilkinson & Miller*, for respondent.

MAIN, J.—This action was begun to prevent the defendant from engaging in the garage business and for damages. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment denying any relief. From the judgment dismissing the action, the plaintiff appeals.

For some years prior to October 1, 1923, the respondent had been engaged in the garage business in Stevenson, Skamania county, in this state. On that date, by written contract, he sold the business which he was then conducting to the appellant. This agreement so far as here material provided that:

"Whereas, the party of the first part [respondent] has sold and delivered to the party of the second part [appellant] the business known as the Stevenson Garage . . .

[1]Reported in 245 Pac. 10.

"It is further understood and agreed by and between the parties herein that good will is one of the items sold and said party of the first part promises and agrees that he will not re-enter into the garage business or sales of automobiles in Town of Stevenson, Skamania County, Washington, for the period of five years from the date hereof."

Shortly after the appellant had taken over the business covered by this agreement, the respondent erected another garage across the street. This, by written contract dated June 10, 1924, he leased to Conrad A. Swanson, his son, and Arthur F. Long, a co-partnership doing business under the name of the Sunset Auto Service Company. The respondent also loaned to his son a small sum of money in order that he might start in the business. After the Sunset Auto Service Company had begun conducting its business, it is claimed by the appellant that the respondent took an active part therein, to such an extent that he violated the agreement which he had made when he sold the garage business, which he had previously operated, to the appellant. The evidence is in conflict. The trial court found that the respondent was in no manner connected with the business nor derived any profits therefrom. We cannot say that this view of the trial court is not sustained by the evidence which, as stated, is conflicting.

The fact that the respondent loaned to his son a small sum of money and received rent from the building would not constitute engaging in business in violation of the agreement. *Gallup Electric Light Co. v. Pacific Improvement Co.*, 16 N. M. 86, 113 Pac. 848; *Hadsley v. Dayer-Smith*, (1914) A. C. 979, Ann. Cas. 1915A 379. The case of *Nelson v. Brassington*, 64 Wash. 180, 116 Pac. 629, Ann. Cas. 1913A 289, is differentiated by its facts. There the defendant sold a

butcher business with an agreement not to engage in that business again for a period of two years, and thereafter and within the time specified conducted a competing business as manager, which he advertised as his own and, although he worked on a salary without any financial interest in the business, it was held to be a violation of the agreement.

In the present case, the respondent undoubtedly was about the garage operated by the Sunset Auto Service Company from time to time, and gave assistance in various respects, merely as a matter of accommodation for the time being, but this would not bring it within the holding in that case. The appellant, of course, claims that the respondent's participation in the business was much more active than this, but, as stated, the evidence being conflicting upon this question and the trial court having found that he was not connected with the business and did not derive any profit therefrom, we are not disposed to disturb the finding.

It is claimed that the trial court erred in holding that the term "garage business," as used in the contract, was unambiguous, and in excluding evidence as to what was the meaning of that term. In the briefs our attention is not directed to any evidence which would present this question, and in the search of the record we have not found any offer of proof upon the matter.

It follows that the judgment must be affirmed.

TOLMAN, C. J., MITCHELL, and PARKER, JJ., concur.

MACKINTOSH, J. (dissenting)—I am convinced that the letter and the spirit of the respondent's contract has been violated by him, and that he should be prevented from further making valueless that which he sold to the appellant.