HUNTS POINT RESTAURANT, INC., *v.* OVAL FOODS, INC., and Others.

Supreme Court, Bronx County, March 7, 1934.

*Samuel Weiss*, for the plaintiff.

*Max Epstein* [*David Epstein* of counsel], for the defendants Oval Foods, Inc., and others.

*Sayers Bros.* [*William H. Smith* of counsel], for the defendant Joseph P. Day, Inc.

McLAUGHLIN, J.  This is an action for a permanent injunction restraining the defendants from violating the negative covenants contained in a lease to their predecessors by the landlord, Joseph P. Day, Inc.  The lease is of the store at No. 942 Southern boulevard, Bronx county, which is one of twenty-four stores owned and leased by the defendant Joseph P. Day, Inc., and which are located in an oval-shaped building at the corner of Southern boulevard and Hunts

Point avenue. The lease to the plaintiff's predecessors was executed by the landlord on January 25, 1933. Previous to that date the individual defendants had a lease upon another store in the same building known as No. 1041 North Hunts Point avenue, which was comparatively small in size. There they conducted a restaurant lunch bar. Some time thereafter the individual defendants obtained a lease from the defendant landlord to three other stores, and the rear of two additional stores, and placed a sign which conveyed the idea that this new store was to be a cafeteria. The new store is conducted by the defendant Oval Foods, Inc., as a cafeteria where meat dishes and some other dishes dealt in by the plaintiff are sold. The plaintiff objects to this extension of the defendant's restaurant. The claim is made that it is prohibited by the terms of its lease. I cannot concur in this view. The plaintiff rests its claim upon the negative covenants contained in paragraphs 25 and 26 in the lease.

Paragraph 25 is as follows:

" 25th. The landlord agrees that it will not rent or lease or permit any of the other stores in said building commencing with No. 948 Southern Boulevard to and including No. 1051 Hunts Point avenue, to be used for the purpose of conducting therein a dairy and vegetarian restaurant, and further agrees that the building from No. 948 North Southern Boulevard to No. 1041 North Southern Boulevard, will be similarly restricted against a restaurant, luncheonette and a Kosher delicatessen, but the Landlord may rent in that area to a Gentile delicatessen and Grocery, provided there are no more than four (4) tables in the Delicatessen and also that the Landlord may rent in that area, viz: No. 948 North Southern Boulevard to No. 1041 North Southern Boulevard, to a General Market and in the market can be located a Kosher delicatessen counter without any tables or seating facilities, but said Delicatessen may only sell goods not to be consumed on the premises."

Both sides to this controversy assumed that the address, No. 1041 North Southern boulevard, was in reality No. 1041 North Hunts Point avenue. The court will find that assumption to be the fact. (*People* v. *Torn*, 110 App. Div. 676, 679.)

The twenty-sixth paragraph refers to the open space in the rear of the stores and prohibits a lease of any portion of it as " a restaurant and/or dairy or vegetarian restaurant, lunchroom, cafeteria or delicatessen business or for the sale of beer." Then follow certain conditions under which a " beer garden " may be conducted on that portion of the premises.

As I read these paragraphs there is no cause of action for the plaintiff. Its claim is that this lease gives it the exclusive right to be the only one, excepting the small store at No. 1041 North Hunts Point

avenue, which may sell food for human consumption on the premises. There is nothing in the wording of the lease which grants it this exclusive right. I agree that the fact that one restaurant is called a cafeteria is immaterial, provided that its existence and conduct violate the terms of the lease. (*Peoples Trust Co.* v. *Schultz Novelty & Sporting Goods Co.*, 244 N. Y. 14; *Waldorf-Astoria Segar Co.* v. *Salomon*, 109 App. Div. 65; affd., 184 N. Y. 584.) If the plaintiff had the exclusive right to prohibit any *new* restaurant on the premises, then what the defendants did will give them the right of action. So that there will be no misunderstanding, I hold that the restaurant now conducted by the defendant is a *new* restaurant and obtains no license or right by reason of the defendants' original small restaurant at No. 1041 North Hunts Point avenue. If the clause in the lease prohibited a new restaurant on the site of the present one operated by the defendant Oval Foods, Inc., then the plaintiff would have the right to enjoin both the landlord and the other defendants. (*Standard Fashion Co.* v. *Siegel-Cooper Co.*, 157 N. Y. 60, 67; *Baumann & Co.* v. *Manwit Corporation*, 213 App. Div. 300.) But the lease does nothing of the kind. This decision is based solely upon a consideration of the terms of the lease itself.

The oral testimony of Mr. Byrne and Mr. Lichter concerning the meaning of the lease itself upon the supposition that it is ambiguous s stricken out, and, therefore, not considered. I have come to the conclusion that there is no ambiguity in the lease and that this testimony is not proper. (*Thomas* v. *Scutt*, 127 N. Y. 133; *Waters, Inc.*, v. *March*, 240 App. Div. 120.)

In construing this covenant I find that the intention of the parties was that in this entire oval building there could be but one " dairy and vegetarian restaurant." In one part of the building there could not be any kind of a restaurant, but for the part where the defendants' restaurant is located there may be a restaurant provided that it is not a " Dairy and Vegetarian Restaurant." That is what the landlord covenants he will not rent it for. The language is clear and convincing. The first part of paragraph 25 says that the landlord will not rent or permit any dairy or vegetarian restaurant in the entire building from No. 948 Southern boulevard to No. 1051 Hunts Point avenue. Then it prohibits any restaurant of any kind from No. 948 Southern boulevard to No. 1041 Hunts Point avenue, which does not include the store or the restaurant objected to. So that it is clear that a restaurant is permitted where the tenant defendants have theirs. The language of paragraph 26 confirms this view, because there the covenant restricts all kinds of restaurants, enumerating them. If the parties intended such in paragraph 25, they

would have so stated. That is the picture as the court sees it. There was no overreaching when the lease was signed. Reservations against the negative covenant were clearly reserved by the landlord. It is illogical to say that the landlord was limited to this one tenant in a small store when the lease says nothing like that. On the facts it is also clear that these restaurants are not the same. That finding is not necessary to this decision, but were the plaintiff's contention upheld as to dishes, you never could have any known kind of a restaurant there, because you would be taking away the essential dishes of any restaurant.

There is no valid reason for an injunction in this case. When parties make solemn contracts and restrictions are placed upon the grant of property the plain intendment is that the property is free from such restrictions as are not expressly stated. That the plaintiff might have restricted this restaurant is clear if it had the same words of negative covenant covering the entire plot as it has for the portion up to No. 1041 Hunts Point avenue. Where a part is excluded there is a reason for it, and that reason is that the intention of the parties was to permit a restaurant other than a dairy and vegetarian restaurant on the property from No. 1041 to No. 1051 Hunts Point avenue.

" As is said in *Schoonmaker* v. *Heckscher* (171 App. Div. 148): ' If  *  *  *  the language used is reasonably capable of two constructions, the one that limits rather than the one that extends the restriction should be adopted, for the reason that the law will always favor the free and unrestricted use of property, and, therefore, all doubts and ambiguities must be resolved in favor of the natural right to the free use and enjoyment of property and against restrictions.' " ( *Kjerner* v. *Hayhurst*, 193 App. Div. 908, 909.)

Judgment for the defendants. Submit findings of fact and conclusions of law and judgment accordingly on notice.