NELS ERICSON and ESTHER ERICSON, his wife, and CLARA WIDGREN, a single woman, v. RRAY A. JAY-ETTE and HAZEL M. JAYETTE, his wife, individually and trading and doing business under the name of "THE COTTAGE INN."

5 So. (2nd) 453                                         Division B
December 16, 1941          Rehearing Denied January 27, 1942

McKay, Dixon & DeJarnett, for appellants.
Eldon L. Boyce, for appellees.

PER CURIAM:

On January 13, 1939, Nels Ericson and wife, Esther Ericson, executed a bill of sale to Ray A. Jayette and wife, Hazel M. Jayette, thereby conveying a restaurant business commonly known as "The Cottage Inn,"

situated at 1455 Biscayne Boulevard in Miami, Florida, for the sum of $10,000.00. The Ericsons, by a term of the bill of sale, covenanted not to engage in the restaurant business in Dade County, Florida for a period of ten years thereafter.

The restrictive covenant is viz:

"And in further consideration of the premises, and of the payment by the said parties of the second part, of the consideration hereinbefore expressed and for the purposes of enabling said parties of the second part, their personal representatives and assigns to acquire and enter upon, manage, conduct, and carry on the aforesaid business of the said Nels Ericson and Esther Ericson, his wife, the said parties of the first part for themselves, their personal representatives and assigns, covenanted, granted, promised and agreed, and do by these presents covenant, grant, promise and agree to and with the said parties of the second part, their personal representatives and assigns, that from and after the execution of this Agreement, they (the parties of the first part) nor either of them will not at any time for the period of ten (10) years from and after the date hereof, either alone or jointly with, or as agent for or employee of any person or persons, firms or corporations, excepting only as agent for or employee of the said parties of the second part hereunto, their personal representatives and assigns, and either directly or indirectly set up, exercise, conduct, or be engaged, employed or interested in or carry on in the County of Dade and State of Florida, any occupation, interests or privileges similar to or of the same nature with the business, occupation, interests, or privileges so heretofore exercised, conducted and carried on by the

said Nels Ericson and Esther Ericson, his wife, and so hereby sold and assigned, transferred and set over to said parties of the second part, nor set up, make, carry on or encourage, or be engaged or interested in any opposition, either directly or indirectly, to the said business so hereby sold, assigned, transferred and set over, and so hereinafter to be carried on by the said parties of the second part hereunto, their personal representatives and assigns, nor do anything to the prejudice thereof."

The lower court entered a restraining order against the Ericsons and Clara Widgren restraining them from operating and running a restaurant located at 5600 Biscayne Boulevard some four or five miles north of the location of "The Cottage Inn," on the theory that the Ericsons owned the business and were violating the aforesaid restrictive covenant. The temporary restraining order was entered after hearing all the testimony offered by the parties, when an appeal was perfected to this Court. This Court has passed on similar cases. See: Stewart & Bro. v. Stearns & Culver Lbr. Co., 56 Fla. 570, 48 So. 19, 24 L.R.A. (N.S.) 649; Massari v. Salciccia, 102 Fla. 847, 136 So. 522; Lee v. Clearwater Growers Ass'n., 93 Fla. 214, 111 So. 722; Love v. Miami Laundry Co., 118 Fla. 137, 160 So. 32; Nettles v. The City Ice & Fuel Co., 118 Fla. 345, 180 So. 42, and other authorities.

It is indisputable that the burden of proof was on the plainitffs below to establish by a preponderance of the testimony the material allegations of the bill of complaint not admitted in the answer. See Parken v. Safford, 48 Fla. 290, 37 So. 567; Weissman Jureit, 132 Fla. 661, 181 So. 898. It is our conclusion, after a study of the testimony and exhibits adduced by the

plaintiffs, that the plaintiffs below failed to carry or establish by competent testimony the material allegations of the bill denied by the answer. The Ericsons owned the building and leased it to Clara Widgren. She purchased a fountain, furniture, and other apparatus necessary to operate a restaurant. Several parties from whom she made purchases appeared and testified that she bought the same, paid part cash and assumed the payment of the balance due and the Ericsons had nothing to do with the payment of either purchase. It is true that the purchase of a cash register was made by Nels Ericson and placed in the business and used by him to register sales from his sundry business located in the restaurant and certain sales of the restaurant run through the register. Admissions of the ownership of the restaurant were shown by some witnesses to have been made by Nels Ericson, but his testimony and that of his wife and Miss Widgren established the ownership and operation of the restaurant in Miss Widgren.

It was error on the part of the chancellor to issue the restraining order and the same is hereby reversed with directions to the lower court to dismiss the bill of complaint.

It is ordered.

BROWN, C. J., TERRELL, CHAPMAN, and THOMAS, JJ., concur.