R. H. DOWD, Appellant, v. J. E. BRYCE et al., Respondents.

Whelan & Whelan for Appellant.

Treadwell & Griffin for Respondents.

GRIFFIN, Acting P. J.—This is an action for declaratory relief and to make a declaration of the rights and duties of the parties to a certain "Agreement for Sale of Business and Real Estate." The three Dowd brothers, who were engaged in the business of operating a grocery store, fruit and vegetable market and liquor store, on December 5, 1944, sold to defendants, all their right, title and interest in those "businesses, the Good Will therein . . . as going concerns," and the real property, stock in trade, accounts, benefits and advantages which they were entitled to in respect to said trades or businesses. Subsequent to the execution of the above-mentioned agreement the Dowd Brothers sold all of their interest in the property herein involved to plaintiff R. H. Dowd. The plot of land was on Midway Drive, in San Diego. Part of this plot was

occupied by the store buildings above mentioned, and a second section of the plot now owned by plaintiff, which adjoins the property sold but was not included in the sale, was entirely unoccupied. For the protection of the defendant purchasers, paragraph IV of the agreement was inserted and is the one in question. It provides:

"The sellers agree that they will not, for the period of ten years from the date of this Agreement, directly or indirectly, engage in similar businesses to the ones involved in this Agreement, within a radius of two miles of this property, nor knowingly, to sell any land within these same limits to a purchaser contemplating businesses of the same nature . . ."

A further provision was inserted in the contract providing for damages in the sum of $15,000 should this provision be violated by the sellers. Paragraph VI of the agreement provides that the sellers "have now in themselves good right to assign the Good Will, stock in trade, fixtures and effects, . . . that they, the Sellers, shall not, either by themselves or with any other person or persons, do or cause to be done, any wilful act or thing to the prejudice of the said trades or businesses set forth above, as heretofore carried on and conducted by the Sellers . . ." The whole contract consists of five typewritten pages, which was prepared by the buyers.

The particular question presented to the trial court was whether the obligation of the seller under the contract would be violated by plaintiff making a present *lease* of the parcel of real property now owned by plaintiff within the 2-mile radius to a lessee who admittedly intends to operate thereon an off-sale liquor store. It was stipulated at the trial and the court found that the lease which plaintiff desired to give was and is a bona fide lease to a third person. By its decree it determined that if the plaintiff knowingly gives such a lease, within the period of 10 years from the date of the agreement, of the plot of real property in question it would, on the part of the plaintiff, be indirectly engaging in the business of a licensed off-sale liquor store and thereby would be in violation of the obligations of the seller in said agreement not to engage indirectly in such a similar business.

Plaintiff attacks this portion of the decree and claims that this case is not one of fraudulent evasion such as the cases of *Akers* v. *Rappe,* 30 Cal.App. 290 [158 P. 129] ; *Barrager* v. *Walls,* 62 Cal.App. 472 [216 P. 995] ; and *Merager* v. *Turnbull,* 2 Wn.2d 711 [99 P.2d 434, 127 A.L.R. 1142]. He argues that

a different rule applies where the vendor acts in good faith, and cites such cases as *Meyers* v. *Merillion,* 118 Cal. 352, 357 [50 P. 662] ; *Carr* v. *King,* 24 Cal.App. 713 [142 P. 131] ; *Test Oil Co.* v. *La Tourette,* 19 Okla. 214 [91 P. 1025] ; *Ericson* v. *Jayette,* 149 Fla. 82 [5 So.2d 453] ; *California Linoleum & Shades Supply, Inc.* v. *Schultz,* 105 Cal.App. 471 [287 P. 980] ; *McKeighan Wachter Co.* v. *Swanson,* 138 Wash. 682 [245 P. 10] ; *Postal Telegraph-Cable Co.* v. *Western Union Telegraph Co.,* 155 Ill. 335 [40 N.E. 587] ; *Sylvester* v. *Hotel Pascoe,* 153 Wash. 175 [279 P. 566] ; *Brigg* v. *Thornton,* 1 Chancery 386 ; *Hebert* v. *Dupaty,* 42 La.Ann. 343 [7 So. 580] ; *Diller* v. *Schindler,* 88 Cal.App. 250, 252 [263 P. 277] ; *Gallup Electric Light Co.* v. *Pacific Improvement Co.,* 16 N.M. 86 [113 P. 848] ; and *Hunts Point Restaurant* v. *Oval Foods,* 153 Misc. 451 [274 N.Y.S. 450, 453].

Defendants contend that the word "sell" mentioned in the paragraph under discussion encompassed the word "lease." The trial court was of the belief that the clause ". . . nor knowingly, to sell any land within these same limits to a purchaser contemplating businesses of the same nature," was inoperative as a violation of section 711 of the Civil Code. However, it held that the paragraph under discussion prevented plaintiff from knowingly leasing this property to another for the purpose of engaging in the sale of liquor in competition with defendants. In support of the correctness of this ruling, defendants cite *Whitney* v. *Slayton,* 40 Me. 224; *Parnell* v. *Dean,* 31 Ont. R. 517; 20 C.J. 1256; *Attorney General* v. *New York, New Haven & Hartford Railroad Co.,* 198 Mass. 413 [84 N.E. 737] ; *Amicable Life Insurance Co.* v. *O'Reilly* (Tex.Civ.App.), 97 S.W.2d 246, 249 [rehearing denied] ; and *Guerand* v. *Dandelet,* 32 Md. 561 [3 Am.Rep. 164].

As to the intent of the parties, that fact must be arrived at by reading the pertinent paragraph in the contract, and that whole paragraph should be used in arriving at the intent, even though a part of it may have been, in itself, a violation of the restraint on alienation. It is rather clear from the terms of the agreement that there was intended a general restriction on the seller as to any acts which would promote competition, and that it was not the intention of the parties that an exception might be made and the seller allowed to knowingly lease his piece of property for the purpose of competition.

A reading of the authorities cited brings us to the conclusion

that the trial judge correctly interpreted the intent expressed in the written instrument to be construed when he said:

"When a seller lawfully agrees not to directly or indirectly compete with his buyer, he may be said to be indirectly competing when he leases his land within the restricted territory for a consideration, knowing at the time of the lease that it is to be and will be used for the same kind of business which his purchaser bought from him in competition with the purchaser. This is for the reason that he has control of the opportunity to compete and desires a profit therefor in the form of rental for his lease, as his lessee can only pay rent out of the profits made in competing with the purchaser from his lessor."

Therefore, Dowd, by his very act of leasing to a party whom he knows is going to compete, under the circumstances related, would be considered guilty of bad faith. By his very act of leasing he creates competition. His act is one link in the chain which creates the very competition which it was the object of the clause in question to prevent.

Judgment affirmed.

Mussell, J., concurred.

A petition for a rehearing was denied February 10, 1950, and appellant's petition for a hearing by the Supreme Court was denied March 16, 1950. Edmonds, J., Schauer, J., and Spence, J., voted for a hearing.