CHARLES A. BRECK, Respondent, *v.* FREDERICK A. RINGLER, Impleaded, etc., Appellant.

Defendant sold plaintiff the plant of a zinc etching company with the appliances and good will of the business, etc.; he agreed not to carry on, and not to be employed by or enter into partnership with any person or persons carrying on the same business for five years. Defendant did not thereafter carry on the particular business sold to plaintiff; but in his business, which was electrotyping and stereotyping, he used zinc etchings, and usually employed plaintiff to make them, but in a few instances he procured them from other persons. In an action to recover damages for an alleged breach of the contract, *held*, that no violation of it in letter or in spirit was shown.

(Argued December 9, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 11, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The following is the opinion in full:

"In March, 1886, the defendant entered into an agreement with the plaintiff whereby he sold to him the Electro Light Photo Engraving Company plant, at 157 and 159 Williams street, New York, consisting of machinery, appliances, fixtures and stock on hand, and every and all appliances used in the business and connected therewith in any manner whatever, together with the good will of the business, the title and name thereof, and the right to do business under the title and name, for the sum of $14,000, to be paid by the plaintiff. He also assigned to the plaintiff the lease of the premises in Williams street, where the business was carried on. He further agreed as follows: ' Said Frederick A. Ringler shall not carry on the same line of business, the good will of which is hereby agreed to be sold to the party of the second part, and shall not be employed by or enter into any partnership with any person or persons in carrying on the same line of business in any way or manner whatever for the term of five years from the 1st day of April, 1886, *and for any forfeiture of* or non-compliance with this portion of this agreement within said period of

time, the said Frederick A. Ringler shall pay unto the said party of the second part the sum of $5,000, which is hereby agreed upon as liquidated damages, and shall be due and owing to the party of the second part immediately upon such forfeiture or non-compliance.'

"The plaintiff claiming that the defendant had violated this portion of the agreement, brought this action to recover the stipulated sum of five thousand dollars, as liquidated damages.

"What is the precise scope of this agreement? (1) That the defendant will not carry on the same line of business; (2) that he will not enter into the employment of any person or persons who carry on the same line of business; (3) that he will not enter into partnership with any person or persons who carry on the same line of business. This is plainly the meaning of the agreement.

"Now, did the defendant violate this agreement? The particular line of business sold by the defendant to the plaintiff was that of zinc etching, and it is undisputed that he never thereafter carried on that business. He had no machinery or implements, or plant of any kind by which he could make zinc etchings, and he had no workmen engaged in that business. He was engaged in the business of electrotyping and stereotyping, and in that business used zinc etchings manufactured by other persons; and no claim is made that he did not have the right so to use them. There is no proof that he ever manufactured a single plate of zinc etching, but what he did do in a few instances was to employ others, who were engaged in the business of zinc etching, to manufacture for him some zinc etching plates. Among others, he employed the plaintiff to do this, and generally when he was called upon for a zinc etching plate, or had occasion to use one in his business, he employed the plaintiff to make it. There were a few instances in which he employed some other person, who was engaged in that business, to make zinc etching plates for him, and in doing this the plaintiff claims he violated the agreement. There is nothing in the agreement which prohibited him, if he wanted a zinc etching plate, or if any friend or customer of his desired one, to procure some one, who was in the business, to make it

for him. He did not agree that no one but the plaintiff should carry on the business; nor did he agree not to patronize anyone else in that business. All he agreed to do was not to engage in that line of business himself, and not to enter into partnership with anyone, or into the employment of anyone engaged in it. And he did none of these things.

"We think it unnecessary to detail the evidence more fully. It is sufficient for us to say that we are unable to find in this record any evidence whatever that the defendant violated the letter or spirit of the agreement he made with the plaintiff.

"The judgment should, therefore, be reversed and a new trial granted, costs to abide event."

*Henry Daily, Jr.,* for appellant.

*Delana C. Colvin* for respondent.

EARL, J., reads for reversal and new trial.
All concur.
Judgment reversed.