C. LUDWIG BAUMANN & CO., BROOKLYN, Appellant, *v.* MANWIT CORPORATION and Others, Respondents.

Second Department, January 9, 1925.

Landlord and tenant — lease — action to restrain landlord from violating covenant not to lease lower floor of building for exhibition or sale of furniture, floor coverings or home furnishings — plaintiff is entitled to temporary injunction against use of lower floor for sale of lamps and shades.

In an action by a tenant of the upper floors of a building to restrain the landlord from violating a covenant in the lease under which he agreed not to lease the lower floor of the building without a restriction prohibiting the display, exhibition or sale of furniture, floor coverings or home furnishings, the tenant, who is engaged in the business of dealing in furniture, home furnishings and floor coverings, including lamps and lamp shades, is entitled to a temporary injunction restraining the use of any part of the lower floor for the purpose of exhibiting or selling lamps and shades, including floor lamps and table lamps, for the term "home furnishings" includes lamps and shades.

APPEAL by the plaintiff, C. Ludwig Baumann & Co., Brooklyn, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 14th day of November, 1924, denying its motion for a temporary injunction.

*Edward S. Greenbaum,* for the appellant.

*George Goldberg,* for the respondent Manwit Corporation.

*William A. Blank,* for the respondents Samuel H. Kirsch and Samuel Mlenarsky.

KELBY, J.:

C. Ludwig Baumann & Co. is a domestic corporation, engaged in the business of dealing in household furniture, furnishings and floor coverings, including lamps and lamp shades. One of its stores is situate on Flatbush avenue, Brooklyn, where it occupies the entire three-story and basement building known as No. 935, and two floors of the adjoining building, No. 933. In the spring of 1923, because of increasing business, it leased the two upper floors of No. 931, the owner of which is the Manwit Corporation, one of the defendants herein. The lease of the last-mentioned premises, dated May 14, 1923, runs for ten years, the rental being $5,500 a year for the first five years and $6,500 a year for the second five. The lease contains the following provision:

" *Twenty-second.* The landlord agrees that it will not permit the assignment of the present lease of the first floor without exacting a condition that said premises shall not be used for the display, exhibition or sale of furniture or floor coverings during the term of this lease, or any renewal thereof; and the landlord further agrees that at the expiration or termination of the present lease on the ground floor, for any reason, that he will not enter into or make any lease without a restriction prohibiting the display, exhibition or sale of furniture or floor coverings; it being the intention of the parties that the landlord shall not suffer or permit the ground floor to be used for the display, exhibition or sale of furniture or home furnishings, so long as the tenant herein is the tenant of the second and third floors of the premises 931 Flatbush Avenue."

The Baumann Corporation immediately took possession. At the time the lease was made the ground floor was used as a restaurant. When the lease for the ground floor expired the landlord converted the store into three separate stores, the most northerly of which it rented to the other defendants for the purpose of conducting there " the business of selling lamps and shades of all kinds and descriptions, including floor lamps and table lamps."

The Baumann Corporation, claiming that the letting of the ground floor for such a purpose was in violation of the quoted provision of its lease, brought an action against the defendants, in which it prayed that the tenants defendants be " perpetually restrained and enjoined from engaging directly or indirectly in the business of the sale of lamps, shades, furniture and household

furnishings of any kind, nature or description at the premises 931 Flatbush Avenue," and that the landlord defendant be restrained from permitting or suffering the tenants defendants to conduct such business on the premises. It obtained an order directing the defendants to show cause why an injunction *pendente lite* should not be granted. The motion was denied and the plaintiff appeals.

The primary rule for the interpretation of a covenant or other contract is " to gather the intention of the parties from their words, by reading not simply a single clause of the agreement, but the entire context and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed · to have considered when their minds met." (*Clark* v. *Devoe*, 124 N. Y. 120.) " Covenants are to be so expounded as to carry into effect the intention of the parties, and this intention is to be gathered from the whole context of the instrument, so as to make one entire and consistent construction of the whole." (McAdam Landl. & Ten. [4th ed.] § 123.) It is only where no intention to the contrary appears that general words used after specific terms are to be confined to things *ejusdem generis* with the things previously specified. (*Hawkins* v. *Great Western R. R. Co.*, 17 Mich. 57.)

The plaintiff corporation, as stated, is in the business of selling furniture, floor coverings, lamps, lamp shades and other articles of household use and adornment. Its apparent object in having the provision in question incorporated in the lease was to prevent proximate competition in connection with any of the articles in which it dealt. It would, therefore, seem to have been, by implication, the intention of the parties to confine the use of the store to the display, exhibition or sale of articles other than furniture, floor coverings and home furnishings. But the plaintiff corporation was not content with an implied intention. · Feeling, probably, that the words " furniture or floor coverings " were not sufficiently embracing, it specifically extended the prohibition to " home furnishings."

A table or floor lamp, or a lamp shade, as distinguished from the electrical fixtures that are permanently fastened to our walls and ceilings, can with reason be denominated home furnishings. The fact that they are often sold in stores specializing in electrical fixtures and appliances does not make them fixtures **nor** exclude them from the classification of home furnishings. Indeed it would seem that they could well be classified as furniture. The Oxford Dictionary (Murray's ed.) defines furniture, in " the prevailing sense," as " Movable articles, whether useful or ornamental, in a dwelling house, place of business, or public building." In *Dayton* v. *Tillou* (24 N. Y. Super. Ct. [1 Rob.] 21, 28) it is said that

furniture may include anything that furnishes or equips, as books, plate and curiosities. (See, also, *Bunn* v. *Winthrop*, 1 Johns. Ch. 329, 338.) In *State* v. *Segel* (60 Minn. 507) " furniture " was held to include a stove. Webster's International Dictionary (1890 ed.) defines furniture as " articles used for convenience or decoration in a house or apartment, as tables, chairs, bedsteads, sofas, carpets, curtains, pictures, vases, etc."

In permitting the store to be used for the display, exhibition or sale of lamps and lamp shades, the defendants violated the covenant in question.

For these reasons the order denying the motion for a temporary injunction should be reversed on the law and the facts, and the motion granted, without costs.

KELLY, P. J., JAYCOX, YOUNG and KAPPER, JJ., concur.

Order denying motion for temporary injunction reversed on the law and the facts, and motion granted, without costs.