SAMUEL BLOOM and DAVID BLOOM, Plaintiffs, *v.* APICO REALTY CO., INC., Defendant.

Supreme Court, Special Term, Queens County, February 8, 1938.

*Charles Belous*, for the plaintiffs.

*Isidore Ehrman*, for the defendant.

WENZEL, J.   The plaintiff tenants herein, proprietors of a "wet or dry stationery store," are suing the defendant landlord for the enforcement of the following restrictive covenants contained in their lease:

"27. Landlord agrees not to rent any other stores in the building occupying the 100 foot corner at the northwest corner of 37th Ave. & 78th St. for a similar line of business, broadly designated as a wet or dry stationery store.   In the event that the landlord leases any of the stores in the said premises above mentioned to a drug store, landlord shall prohibit such drug store from selling any of the articles of merchandise mentioned and given to the above in his lease.

"28. Landlord agrees not to rent to a similar line of business, broadly designated as a wet and dry stationery store, any store in the taxpayer 100 ft. x 100 ft. which taxpayer is the northeast corner of 37th Ave. and 77th St. and which immediately adjoins the taxpayer mentioned above, for a period of two years."

It will be seen from the foregoing that this landlord owned the 200-foot block front on which plaintiffs' store was located.   That the two halves of this block were separately considered by the parties to the action is clearly indicated by the fact that the lease contains two separate paragraphs concerning restrictions on the landlord, as to each half block.   The plaintiffs' most serious complaint is that this defendant rented to a "modern drug store" a portion of the premises described in and covered by paragraph 28 of the lease.   It is conceded that this drug store sells many of the items also sold by plaintiffs and is a real competitor.   However, the landlord is restricted in paragraph 28 only against renting to

" a wet and dry stationery store." Plaintiffs urge that nomenclature should be overlooked and that the so-called " drug store " is as much a " wet and dry stationery store " as it is a " drug store." This argument might be worthy of more serious consideration if paragraph 27 of the lease did not disclose that the parties hereto had considered the nature and scope of a so-called " modern drug store " by placing specific restrictions on any prospective " drug store " tenant in the 100-foot part of the block occupied by the plaintiffs. Since similar restrictions were not placed in paragraph 28 relating to the remaining 100 feet, it is obvious that the landlord there retained the right to rent to " a modern drug store."

Further breach is claimed by the renting in the 100 feet wherein the plaintiffs' store lies of two other stores, one to a grocer and the other to a delicatessen store. The first sells a few after-dinner mints and some bottled soda, the second a few cigarettes, but substantial quantities of bottled soda as well as after-dinner mints. The court finds that neither of these stores can be said to be doing the business of " a wet and dry stationery store " or a " similar business " within the purview of paragraph 27 of the lease. Our so-called " stationery " store of today is no more true to its name and genus than most of our " drug " stores. It might be termed a vest pocket department store and it is hard to think of a store which does not sell some item which may also be purchased in " a wet and dry stationery store." Surely it was never within the contemplation of these parties that the landlord was to be compelled to rent the balance of his property to dyeing and cleaning establishments.

Judgment, therefore, for the defendant.