Louis Ruff, Respondent, v. State Film Delivery, Inc., Defendant, and Louis Lane, Appellant.— Order granting plaintiff's motion for an examination before trial in an action for damages for personal injuries as a consequence of the collision of two automobiles, and granting plaintiff's motion for a bill of particulars of certain affirmative defenses affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice, and appellant's verified bill of particulars to be served within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

Louis Ruff, Respondent, v. State Film Delivery, Inc., Appellant, and Louis Lane, Defendant.— Order granting plaintiff's motion for an examination before trial of the appellant and granting a motion for a bill of particulars of certain affirmative defenses, affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice, and appellant's verified bill of particulars to be served within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

Bessie Smith and Philip Smith, Appellants, v. John Lazos and Lefkothea Lazos, Respondents.— In an action brought to obtain a permanent injunction restraining defendants, their agents, servants and employees from selling certain articles including certain bottled beverages, napkins, waxed paper and marshmallows, in the building and premises No. 50–12 39th Avenue, Sunnyside, Long Island, in which premises a grocery, delicatessen and dairy business is conducted by the defendant John Lazos, judgment in favor of the defendants dismissing the complaint on the merits unanimously affirmed, with costs. Appeal from decision dismissed. The covenants here involved are not sufficient legally to warrant the injunctive relief sought by the plaintiffs as far as the sale of bottled beverages in defendants' premises (parcel sixth) is concerned. There is no evidence that they ever sold, or offered to sell, cigars, cigarettes, candy, magazines, newspapers or periodicals, etc., in those premises; hence no relief in that phase could be awarded. (Tonnele v. Wetmore, 195 N. Y. 436.) As far as the claimed sale of waxed paper, napkins and marshmallows by the defendants is concerned, the evidence of such sale is so meagre as to be insufficient in law to warrant a finding that any such sales were made. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.