ABRAM TOPOL, Respondent, *v.* SMOLEROFF DEVELOPMENT CORPORATION and BARWITT REALTY CORPORATION, Defendants, Impleaded with SAMUEL KANE, Appellant.

First Department, May 8, 1942.

*Edward Goodell* of counsel [*Goodell, Hoffman & Spark*, attorneys], for the appellant.

*Nathaniel Phillips* of counsel [*B. Hoffman Miller* with him on the brief], for the respondent.

CALLAHAN, J.  Plaintiff, Abram Topol, and defendant Samuel Kane are lessees from the same landlord of separate stores located on opposite ends of the block front on Starling avenue between Odell and Purdy streets, borough of the Bronx, city of New York. Plaintiff has procured an injunction restraining the defendant Kane from selling sodas or candy of any kind in his store, on the theory that such sale violates a restrictive covenant contained in plaintiff's lease.

Both plaintiff and Kane had been in possession of their respective stores during terms prior to the periods covered by their present leases; plaintiff under an earlier written lease, and defendant Kane under an oral letting.  Plaintiff's earlier lease provided that his store was to be used only for the retail sale of cigars, stationery, candy and " sodas."  Plaintiff's present lease was executed in November, 1940, for a term of five years to commence January 1, 1941.  It contains a provision that the tenant would use the premises for the retail sale of cigars, cigarettes, stationery, candy and " soda."  Defendant Kane obtained his present lease on June 1,

1940, for a term of five years to commence on that date. It thus will be seen that defendant's present lease was in existence before plaintiff's second lease was entered into. Kane's lease provided that he was to use his store for the retail sale of dairy items, groceries, fruits and vegetables, and non-kosher delicatessen, and for no other purpose.

Both of plaintiff's leases contained provisions to the effect that the landlord was not to lease another store in the " demised premises " for purposes similar to plaintiff's. Defendant Kane's lease contained no similar covenant by the landlord.

The theory on which defendant Kane would be subject to injunction is that equity would not permit him to use his store inconsistently with a covenant entered into by his lessor with another, if Kane took his premises with notice of that covenant. (*Trustees of Columbia College* v. *Lynch,* 70 N. Y. 440; *Hodge* v. *Sloan,* 107 id. 244, 250.)

The store of the defendant Kane is described in his lease as being located at 2131 Starling avenue, and the store of plaintiff is described as being located at 2153 Starling avenue. The street numbers from 2131 to 2153 Starling avenue are all located in the block front referred to. This block front is improved with a large apartment house or houses built around a central court or garden. The principal issue litigated upon the trial was whether the restrictive covenant referred to the whole block front, or only half thereof, that is, whether there were one or two buildings on the block.

Strictly speaking, " demised premises " would mean plaintiff's store, but we think it was intended to mean the premises in which the demised store was located. The trial court so construed it and also found that there was a single building on the block.

There is considerable testimony indicating that 2131 and 2153 were in separate buildings, but, on the whole proof, we think that the finding of the trial court that the parties were situated in a single building is not so contrary to the weight of the evidence that we are required to disturb it. We find, however, that the injunction granted is too broad in that it would prohibit the sale by defendant of bottled soda for off-premises consumption. The covenant contained in plaintiff's first lease does not warrant such injunctive relief.

As plaintiff's new lease was executed after defendant's present lease, it follows that defendant could not have had notice of the restrictions contained in plaintiff's new lease when defendant's lease was executed.

We will assume that notice of the terms of the restrictive covenant contained in the plaintiff's earlier lease would be sufficient to warrant equitable relief, in so far as said covenant was carried over

in plaintiff's new lease, but it is plain that the notice which Kane had of plaintiff's rights under his old lease could not be extended by any enlargement of the restrictions in plaintiff's new lease.

As we have pointed out, there was some slight difference in the wording of the covenants in plaintiff's two leases. The earlier lease permitted the use by plaintiff of his store for the retail sale of " cigars, stationery, candy and sodas." The new lease uses the singular, " soda." Considering the term " sodas " in connection with its context, and the general use of the premises, to wit, a retail cigar and candy store, we construe the earlier covenant to be one against renting another store for the purpose of selling soft drinks containing soda water. Renting a second store as a grocery and delicatessen was not a rental for a purpose similar to " cigars, stationery, candy and sodas." The distinction between these types of stores is well recognized in the city of New York. That there might be an overlapping in a single item commonly carried in both stores would not make the defendant's use inconsistent with the landlord's covenant. (*Smith* v. *Lazos*, 256 App. Div. 1099.) Bottled soda water for off-premises consumption is one of the customary articles dealt with by a grocer and delicatessen. A different situation might exist if Kane had set up a soda water fountain, or sold soft drinks for consumption in his store. In construing covenants running with the land, the authorities uniformly hold that restrictive provisions should not be given a construction extending beyond the literal meaning of the term used. If the language used is capable of two constructions, the one that limits, rather than that which extends the covenant, should be adopted. (*Buffalo Academy of Sacred Heart* v. *Boehm Bros.*, 267 N. Y. 242.) Even though the present covenant may be personal, we think it should be construed in like manner.

We do not find any contrary construction of the restrictive covenant by the acts of the parties. Kane offered to limit his sale of soda water on certain conditions, but this offer was made in connection with an attempted compromise of the conflicting claims of the parties.

There was no attempt to prove any sale of candy by defendant Kane, and an injunction with respect thereto was unwarranted.

The judgment should be modified as indicated in this opinion, and, as so modified, affirmed, without costs.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously modified as indicated in opinion, and as so modified affirmed, without costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.