In the Matter of the Accounting of Empire Trust Company et al., as Executors of Frederick M. Pedersen, Deceased.

Surrogate's Court, New York County, February 24, 1950.

*Meleney & Halliday* for executors, petitioners.

*I. V. Weisbrod* for Wilfrid Holland, respondent.

FRANKENTHALER, S. The only question herein relates to the meaning of the words " personal belongings " in the lexicon of this testator. In article Second of the will he bequeathed to the objectant " any set of my books or any one of my personal belongings which he may choose as a memento." Objectant selected a small chime clock utilized by the testator as a mantel ornament. It is asserted on behalf of the accountant that the term " personal belongings " does not extend to or include the clock in question.

The meaning to be attributed to those words may be ascertained from their use in other parts of the will. In article Third testator devised and bequeathed to his wife his summer home and its contents, his automobile, a cash legacy and " all my personal effects, collections, personal belongings, books, household furniture and furnishings    *    *    * ".

If the testator intended " personal belongings " to have a specific meaning and to denote some definite class of objects, then that class cannot include " personal effects ", " collections ", " books ", or " household furniture and furnishings ", as those would also constitute specific classes. Nor can it include the contents of his summer home nor " all other personal property " appurtenant thereto.

" Personal effects " are usually defined as things associated with the person or body or other intimate possessions (*Matter of Burnside,* 185 Misc. 808) ; they are sometimes given a broader meaning (*Matter of Gault,* 48 N. Y. S. 2d 928; *Matter of Ginnever,* 69 N. Y. S. 2d 452). " Household furniture and furnishings " include such objects as bedeck the home (*Baumann & Co.* v. *Manwit Corp.,* 213 App. Div. 300; *Dayton* v. *Tillou,* 1 Robt. 21), and may thus include clocks of several varieties.

If those are the meanings of those terms as here employed, little content would be left for the words " personal belongings ", if collections of antiques, books, swords, automobiles, etc. are also eliminated as the result of other bequests thereof contained in the will.

It is clear that the testator in listing consecutively the kinds of property bequeathed in article Third did not have in mind any fixed classes of objects but was merely making an effort to list indiscriminately all his worldly possessions, using overlapping concepts in order to insure complete inclusion. Evidently, none of the words were employed technically or with any effort at precision. The term " personal belongings " itself is an extremely broad classification and might, if not restricted, include most of a testator's personal property.

The court concludes that that term, as used in this will, includes the clock chosen by the objectant and described in the stipulation submitted by the parties.

Submit, on notice, decree construing the will and settling the account accordingly.