LARCHMONT DRUG STORE, INC., Appellant, v. 4915 REALTY CORP. et al., Respondents.— In April, 1950, plaintiff leased one of seven stores in a building then under construction by defendant 4915 Realty Corp. for a drug store and " such other purposes as are hereinafter set forth ". Although there were no other purposes set forth in the lease, defendant landlord agreed that it would not rent any other store in the building for a " drug store, fountain, luncheonette ". On September 19, 1950, defendant landlord leased a store in the building to defendant Neilsen Retail Stores, Inc., for the sale of ice cream, candy, and gift novelties. Part of the equipment defendant Neilsen intended to install in the store (and which it has since the trial installed) is a service unit to mix ice cream sodas and other carbonated drinks, and an ice cream dispensing cabinet for the storage of ice cream. Defendant Neilsen intended to, and now does, serve ice cream sodas and carbonated drinks from this equipment but only at tables, and not at the counter. On October 19, 1950, plaintiff commenced this action. The complaint contains two causes of action: (1) to declare that plaintiff has the exclusive right to operate a fountain in the building of defendant landlord and to restrain defendant Neilsen from operating a fountain; and (2) to reform the lease by adding thereto a clause listing additional purposes for which plaintiff may use its store, including use for a " soda fountain ". The Official Referee, to whom the matter was referred to hear and determine, held that, although the equipment intended to be used by defendant Neilsen was a fountain, the parties contemplated, by the restraining clause in plaintiff's lease, that the renting of another store for fountain counter service should be prohibited but not fountain table service. Plaintiff appeals from the judgment dismissing its complaint. Judgment modified on the law and the facts by granting plaintiff judgment on the first cause of action. As so modified, the judgment is unanimously

affirmed, with costs to appellant. In our opinion, the service unit and ice cream dispensing cabinet constitute what is known both popularly and in the trade as a fountain. In order to give full effect to the words "fountain" and "luncheonette" in the restraining clause of plaintiff's lease, it must be held that the parties intended by the use of the word "fountain" to restrain defendant landlord from renting any other store in the building for the sale, in whole or in part, of fountain products, whether served at the fountain itself or at tables a few feet from the fountain. The disposition with respect to the second cause of action for reformation may not be said to be against the weight of the evidence. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.