Jack Steinhaus, Respondent, v. Sidney Goldenberg, Doing Business as Arnold Supply Co., et al., Appellants.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.

## (September 28, 1953.)

Catherine Agnello et al., Respondents, v. New York City Housing Authority, Appellant.— Action by plaintiff wife to recover damages for personal injuries sustained when she slipped on snow and ice on a walk within the grounds of defendant's housing development, and by her husband to recover for medical expenses and loss of services. Defendant appeals from a judgment in favor of plaintiffs entered upon a jury verdict. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

Abraham Gelch, as Administrator of the Estate of Howard Gelch, Deceased, Respondent, v. Homer C. Wilkins, Appellant.— Order denying motion to change the place of trial from Kings County to Allegany County for the convenience of witnesses affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.

Stanley B. Krasowski et al., Appellants, v. City of New York, Respondent, et al., Defendants.— In an action to recover damages for injury to person and property, judgment in favor of respondent and against appellants unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

Alexander Nagy, Doing Business under the Name of Nagy's Paint Supply, Respondent, v. Julius Ginsberg et al., as Executors of Morris Ginsberg, Deceased, et al., Defendants, and Biltmore Houseware & Hardware Corporation, Appellant.— On October 27, 1949, plaintiff leased a store for the sale of paints and wallpaper, the lease containing an agreement on the part of the landlord that it would not lease any other store in the building for any business offering the sale of paints and wallpaper. On December 14, 1949, the landlord leased to appellant the store next door to that of plaintiff for the sale of hardware and houseware. Appellant sold paints in connection with its business. This is an appeal from so much of the judgment, entered after trial, restraining appellant from selling, advertising or displaying paints and wallpaper in violation of the covenants contained in the lease to plaintiff. Judgment, insofar as appealed from, unanimously affirmed, with costs. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.