MURRAY SNYDER et al., Doing Business as Copartners under the Name of TERMINAL DAIRY, Respondents, v. LOUIS GREENBLATT et al., Doing Business as Copartners under the Name of 89TH JAMAICA REALTY CO., Respondents, and WOODBURY MEAT CO., INC., Appellant.—

No opinion.

Beldock, Kleinfeld, Christ and Pette, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and order, with the following memorandum: The covenant in plaintiffs' lease, which plaintiffs seek to enforce by injunction and in which their landlords agreed that they would not lease any other portion of the premises for a retail dairy or grocery, also provided that they might lease other portions of the premises to other tenants conducting a different type of business or store, who would be permitted to sell *some* of the articles of merchandise commonly carried in grocery or dairy stores. Such covenant is too vague, indefinite and uncertain to be enforced by injunction. If it be assumed, however, that an injunction was proper, the judgment should at least be modified so as to provide definitely what the defendant Woodbury corporation may not do in the conduct of its business. An injunction should clearly inform a defendant of the acts he is forbidden to do (*May's Furs & Ready-to-Wear* v. *Bauer*, 282 N. Y. 331; *International Latex Corp.* v. *Flexees*, 281 App. Div. 363). [28 Misc 2d 403.]