Thomas P. F alley, J.
This is an application by the plaintiff Vamco Corporation for an injunction pendente lite restraining defendant Bon French Cleaners, Inc., from installing or using certain dry-cleaning, pressing and laundering equipment on the premises of a certain store leased by Bon French Cleaners, Inc., from the defendant Majestic Development Corporation which is located in the Holiday Park Shopping Center in Merrick, New .York. The plaintiff, also a tenant of Majestic Development Corporation, leases a store in the same shopping center for use as a coin-operated laundromat and coin-operated dry-cleaning establishment. The lease between the plaintiff and Majestic, which was entered into January 29,1962, contains the following representations by Majestic:
££ 52. The landlord agrees that it will rent no other store in the shopping center as coin-operated laundromat or a coin-operated dry cleaner, but this shall not prevent the landlord from renting any other store in the shopping center for any other purpose including, but not limited to, an on premises or off premises dry cleaner or laundry.”
* * 63. Paragraph * 52 ’ is hereby amended to provide that the present lease between the landlord and Bon French Cleaners, Inc. for Store #15, contains the following clause:
£1 £ The tenant agrees that it will do no cleaning, pressing, dyeing or alteration work or shirt laundering on the premises and agrees that its sole business shall be to receive goods for cleaning or pressing and to send the same out to be processed.’
£ £ And the landlord further agrees not to change this clause without the tenant’s consent.”
The complaint alleges that in violation of these provisions of the lease and without the plaintiff’s consent, Majestic is per *78 mittingBon French Cleaners to install machinery and equipment for the purpose of doing cleaning, pressing, dyeing, alteration .work and shirt laundering on the premises; that the defendants knew of the terms and conditions of the lease with plaintiff and that the installation of such equipment will cause plaintiff irreparable injury and harm. However, nothing in plaintiff’s moving affidavit supports the allegation that there was any knowledge on the part of Bon French of the restrictive covenants contained in the plaintiff’s lease and the affidavit submitted by the officer of Bon French Cleaners expressly disclaims such knowledge.
In order for the plaintiff to succeed in this action to permanently enjoin Bon French Cleaners from operating an on-the-premises dry-cleaning and laundry establishment, it is incumbent on it to allege and prove that Bon French Cleaners had knowledge of the restrictive covenant contained in the plaintiff’s lease. Notice of knowledge of the covenant is the gravamen of the action (Deepdale Cleaners v. Friedman, 7 A D 2d 926; Topol v. Smoleroff Development Corp., 264 App. Div. 164; Senn v. Ladd, 179 Misc. 306).
Although the plaintiff may be able to prove such knowledge on the part of Bon French Cleaners upon the trial of this action, .the papers before this court in support of the instant application do not disclose the requisite “ clear right to the relief demanded ” (Barricini, Inc., v. Barricini Shoes, Inc., 1 A D 2d 905) and the application must accordingly be denied. This does not leave the plaintiff without an adequate remedy at law against the defendant landlord for damages (Deepdale Cleaners v. Friedman, supra).
If the plaintiff be so advised, the order to be entered hereon may provide that all pretrial proceedings shall be deemed waived if not completed within 30 days from the date of joinder of issue. Upon the filing of a note of issue, the plaintiff may make application for a preference under rule 11 of the Buies of the Supreme Court, Nassau County.