Joseph A. Suozzi, J.
Plaintiff, a lessee conducting a dry-cleaning and laundry business in a small shopping center in Merrick, seeks a permanent injunction to restrain a cotenant, M & D Laundromat, Inc., from using coin-operated dry-cleaning machines on premises leased from the defendant landlords. Plaintiff operates its business pursuant to a lease entered into *263 between the landlords and plaintiff’s predecessor in March of 1961. Plaintiff’s business is one that has come to be regarded as a standard custom dry-cleaning business, and includes the dry-cleaning and pressing of clothing and of household items such as drapes and slipcovers, and the laundering and ironing of shirts.
Prior to the plaintiff’s acquisition of this business, the landlords consented to an assignment of the lease to the plaintiff, and by letter dated May 28, 1962, agreed to a modification of the lease as follows: ‘ ‘ During the continuance of the unexpired term of this lease or any renewal thereof that the landlord or any assignee shall not permit to have conducted, operated, or carried on in the said shopping center area any dry cleaning or laundry business similar to that permitted in the lease, subject however, to the terms and continuance of a certain lease now in existance between Alvin Benjamin and John Maravelli covering business now being conducted at 2095 Merrick Road, Merrick, N. Y. as a laundromat. ’ ’
The defendant cotenant, M & D Laundromat, operates a “ Wash and Dry ” business under a lease entered into April, 1961, which provides that the premises were 11 to be used and occupied only for a laundromat ”. M & D’s business has always been that of offering for use to its customers coin-operated washing and drying machines.
In January of 1963, after the defendant M & D had entered into a conditional sales agreement in November, 1962 with Arco Machinery Company contingent upon the approval of defendant’s landlords and government agencies, several coin-operated dry-cleaning machines were delivered and installed at the M & D premises. The landlords have given no written approval for the installation and use of these machines but have acquiesced in the cotenant’s actions, and have not taken any steps to cause removal of the machines or to indicate disapproval of their installation and use. No permits have been obtained from any governmental authority for the installation and use of these machines, which permits plaintiff claims are required in accordance with the Town of Hempstead Building Zone Ordinance.
Before these machines could be put to use, plaintiff notified his cotenant and landlords that such use would be considered a breach of the lease between the landlords and the plaintiff and that between the landlords and the cotenant. This action was commenced shortly thereafter, and a motion for a temporary injunction restraining the use of these machines was granted on January 20,1963.
*264 The dry-cleaning operation proposed by the defendant M & D, which the plaintiff seeks to enjoin permanently, would be conducted automatically by the customers themselves placing the clothing and other articles into the machines and depositing a requisite number and amount of coins. There is no chemical spot cleaning or pressing contemplated or intended as part of this operation.
From the proof it is clearly established that the defendant M & D at no time prior to the delivery or installation of these machines had any notice of the May 28,1962, modification of the plaintiff’s lease.
The plaintiff seeks the injunction against the cotenant on the ground that the proposed use of the coin-operated dry-cleaning machines constitutes a business similar to that conducted by the plaintiff and therefore is a breach of the plaintiff’s lease as modified, and also on the ground that such use is a breach of the restriction contained in the M & D lease to use its premises “ only for a laundromat ”.
It is M & D’s position that it is not bound by any covenant in the plaintiff’s lease since it had no knowledge of it and was not a party to it, and that any self-imposed restriction in its own lease with the landlords was not made for the plaintiff’s benefit. Moreover, it contends that the coin-operated dry-cleaning business as contemplated by it is not similar to plaintiff’s business.
Enforcement of the restrictive covenant between the plaintiff and the defendant landlords as against the defendant M & D Laundromat requires notice or knowledge of such covenant by the cotenant (Vamco Corp. v. Majestic Development Corp., 38 Misc 2d 76; Deepdale Cleaners v. Friedman, 7 A D 2d 926; Topol v. Smoleroff Development Corp., 264 App. Div. 164). There is no proof that M & D had any knowledge or notice of this restrictive covenant until after M & D had obligated itself for the machines and they had been delivered and installed. Plaintiff contends, however, that notice or knowledge is not a prerequisite here, since the cotenant had previously restricted itself against conducting any business other than a laundromat in its own lease with the landlords, and that the plaintiff may enforce this self-imposed restriction.
Restrictive covenants in one tenant’s lease have been enforced as against a cotenant where the covenant is made for another tenant’s benefit. This has been done on the authority of Lawrence v. Fox, (20 N. Y. 268). However, as stated by Judge Andrews in Durnberr v. Rau (135 N. Y. 219, 222): “It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, *265 or at least such benefit must be the direct result of performance and so within the contemplation of the parties, and in addition the grantor must have a legal interest that the covenant be performed in favor of the party claiming performance.”
From the evidence before the court it cannot be held that any restriction contained in M & D’s lease was made for the benefit of its cotenant, the plaintiff herein, or that such benefit was within the contemplation of the parties. The court must therefore uphold the defendant M & D’s position that it is not bound by the covenant in the plaintiff’s lease.
In view of this holding, plaintiff’s rights to relief, if any, must rest on a determination of what the landlords and plaintiff understood by the words “ any dry cleaning or laundry business similar to that permitted in the lease ’ ’. There was testimony at the trial as to the nature of the plaintiff’s dry-cleaning and laundry business and as to the operation of coin-operated dry-cleaning machines. From this testimony the court finds that insofar as the use of coin-operated machines by the defendant M & D does not contemplate chemical spot cleaning or pressing, there is a significant difference between the plaintiff’s business and the business contemplated by its cotenant.
That there is a difference between the two businesses was apparently recognized by the landlords and the plaintiffs themselves. There is proof that in the negotiations for the modification of the lease, the plaintiff’s attorney had requested the inclusion of coin-operated dry-cleaning machines in the proposed modification, and this request had been rejected by the landlords. Further, the landlords had offered to the plaintiff the opportunity to conduct a coin-operated dry-cleaning business as a new business in the store that separated the plaintiff’s and M & D’s premises, and this offer was rejected.
The cases construing leases where close questions of intent have arisen have followed the general rule of finding against the restriction where there was any doubt (e.g., Hunts Point Restaurant v. Oval Foods, 153 Misc. 451; Rialto Luncheonette v. 1481 Broadway Corp., 170 Misc. 754; Bloom v. Apico Realty Co., 167 Misc. 236). If words are capable of two constructions, the one that limits the covenant should be adopted, and if the right to enforce the covenant is doubtful, such right will be denied (Topol v. Smoleroff Development Corp., 264 App. Div. 164, supra).
Applying these rules of construction, and having considered the circumstances surrounding the modification of plaintiff’s lease, which the court may do (Larchmont Drug Store v. 4915 Realty Corp., 278 App. Div. 954, affd. 303 N. Y. 845), the court *266 finds that the use of coin-operated dry-cleaning machines as contemplated by the defendant M & D is not a business similar to the plaintiff’s, and that neither the landlords nor the plaintiff understood or intended that the words “ any dry cleaning or laundry business similar to that permitted in the lease ” included the operation of coin-operated dry-cleaning machines.
Accordingly, the plaintiff’s complaint is dismissed and the application for a permanent injunction restraining the defendant M & D Laundromat, Inc., from operating coin-operated dry-cleaning machines is denied. It is understood that this operation does not and shall not include the services of chemical spotting or pressing any of the items cleaned in these machines.