### (October 30, 1972)

■ LOURDES CATLI, an Infant, by PACIFICO J. CATLI, a Parent, et al., Appellants, v. ARTHUR LINDENMAN et al., Defendants, and SHEPARD LINDENMAN,

Respondent.— In a negligence action to recover damages for personal injuries, medical expenses and loss of services, plaintiffs appeal from an order of the Supreme Court, Queens County, dated November 11, 1971, which granted defendant Shepard Lindenman's motion to dismiss the complaint as to him on the ground that it failed to state a cause of action against him. Order reversed, with $10 costs and disbursements, and motion denied. The time within which defendant Shepard Lindenman may answer the complaint is extended to 20 days after entry of the order to be made hereon. The complaint, insofar as it concerned defendant Shepard Lindenman, alleged that the infant plaintiff was injured on July 8, 1970 while a passenger on a motorcycle driven by that defendant's son, defendant Arthur Lindenman, when the motorcycle was involved in a collision on the Long Island Expressway with a vehicle owned and operated by defendant Darmendo; that at the time of the accident the son was operating the motorcycle under a learner's permit issued by the State of New Jersey; that the provisions of the permit required the holder to operate the motorcycle at all times under the supervision and immediate presence of a fully licensed motorcycle operator, who in this case was defendant Shepard Lindenman; that the latter's duties included the duty to prohibit his son from operating the motorcycle outside of New Jersey or within New York; and that the accident and injuries to the infant plaintiff were caused by defendant Shepard Lindenman's failure to perform his required duties as supervisory operator and his negligence in failing and omitting to take proper and suitable precautions for the infant plaintiff's safety. The motion to dismiss was made pursuant to CPLR 3211 (subd. [a], par. 7), which allows such a motion on the ground that the pleading fails to state a cause of action. The sufficiency of a pleading to state a cause of action will generally depend upon whether or not there was substantial compliance with CPLR 3013 (*Foley* v. *D'Agostino,* 21 A D 2d 60, 62). That section requires that statements in a pleading be sufficiently particular to give the court and parties notice of the transactions or occurrences intended to be proved and the material elements of each cause of action. So, generally speaking, " Pleadings should not be dismissed or ordered amended unless the allegations therein are not sufficiently particular to apprise the court and parties of the subject matter of the controversy " (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.03). Furthermore, as noted in *Foley* v. *D'Agostino* (*supra,* pp. 65–66), every pleading question should be approached in the light of the CPLR enactment (CPLR 3026) that pleadings " ' shall be liberally construed.' " and that " ' Defects shall be ignored if a substantial right of a party is not prejudiced.' " Thus, the burden is placed upon one who attacks a pleading for deficiencies in its allegations to show that he is prejudiced. The test of prejudice is to be given primary emphasis. " Thereby, we would invariably disregard pleading irregularities, defects or omissions which are not such as to reasonably mislead one as to the identity of the transactions or occurrences sought to be litigated or as to the nature and elements of the alleged cause or defense. If the irregularity, defect or omission represents an inherent deficiency known by the adverse party to bar the pleader's right to recover * * * rather than a mere pleading error, then the adverse party would be better advised to proceed under 3211 or 3212 upon affidavits or other proofs to secure an immediate determination on the merits " (*Foley* v. *D'Agostino, supra,* p. 66). The pleadings at bar satisfy the test of particularity. Defendant Shepard Lindenman has been apprised of the occurrence and the theory upon which plaintiffs seek to hold him liable. Whether the proof will support plaintiffs is another story. In granting the motion to dismiss, Special Term

relied to a great extent on the failure to allege that defendant Shepard Lindenman physically accompanied the permit holder. It should be noted, however, that the New York statute (Vehicle and Traffic Law, former § 501, subd. 4, par. b [repealed by L. 1972, ch. 780, § 9]) and a New York decision (*Lazofsky* v. *City of New York*, 22 A D 2d 858) relied upon by Special Term dealt with motor vehicles generally, not motorcycles. The particular New York statute concerning the operation of motorcycles extant at the time here in question acknowledged that one driving a motorcycle may be under the general supervision of a licensed driver without necessarily being under his "immediate control" (Vehicle and Traffic Law, former § 503 [repealed by L. 1972, ch. 780, § 9]). Hopkins, Acting P. J., Munder, Christ and Brennan, JJ., concur; Shapiro, J., dissents and votes to affirm, on the opinion of Mr. Justice Fitzpatrick at Special Term.