■ FIVE TOWNS CARD & GIFT SHOP, INC., Appellant, v LAWRENCE DRUG Co. et al., Respondents.—In an action (1) to enjoin defendant Lawrence Drug Co. and other defendants from selling certain items, (2) to compel Third Nassau Corp., as landlord, to take all necessary steps to protect the interests of plaintiff and (3) to recover damages for an alleged conspiracy, plaintiff appeals from an order of the Supreme Court, Nassau County, dated October 1, 1974, which granted three separate motions by defendants to dismiss the amended complaint for failure to state a cause of action. Order modified by adding thereto a provision granting leave to plaintiff to serve a second amended complaint, if so advised. As so modified, order affirmed, without costs. The time within which a second amended complaint may be served is extended until 20 days after service of a copy of the order to be made hereon, with notice of entry. There is a basic error in the theory upon which the present complaint is premised and for this reason we sustain the objection to it, but with leave to replead. Plaintiff is the tenant of a store located at 310 Central Avenue, Lawrence, New York, under a lease from defendant Third Nassau Corporation which contains the following provision: "The tenant shall use and occupy demised premises for business known as 'Stationer' or Gift Book Shop (which includes sale of Greeting Cards, a name brand candy such as 'Barricini', Books, Party Favors, Special Printed Stationery & incidental games & toys." The complaint alleges that subsequent to the execution of the lease, Third Nassau Corp. leased the premises located at 305 Central Avenue (described as No. 294 in the moving papers) to defendant Lawrence Drug Co. to be used as a drug store and the premises at 308 Central Avenue to defendant H. H. L. Corp. to be used as a luncheonette. The complaint further alleges that although these tenants knew of the terms of plaintiff's lease they engaged in the sale of greeting cards, Barracini candies, stationery, pens, pencils, games, toys and other merchandise. We hold that the above-quoted provision of plaintiff's lease constitutes a description of the types of items which plaintiff may sell in its demised premises and does not give it the exclusive right to sell those items in the shopping complex. Consequently, this amended complaint fails to state a cause of action for injunctive relief or for damages resulting from conspiracy to interfere with such alleged exclusive right. However, we find that a cause of action may be predicated upon the following provision in the lease: "Landlord will not rent any other store for a prime business as specified in this lease." English and early American cases drew a sharp distinction between covenants prohibiting *competitive* use of premises and covenants *not to lease* for a competitive use, and held the landlord accountable only for the latter (Ann., 97 ALR2d 10-11). The modern view imposes an active duty on the landlord to police the use of his property by subsequent

lessees where he is put on notice of a violation (see *People's Trust Co. v Schultz Novelty & Sporting Goods Co.,* 244 NY 14). As stated in 97 ALR2d 26: "Whether the lessor's covenant is in the form of a *covenant not to lease the restricted premises for a particular use,* or a covenant not to permit a particular use of the premises, or in the form of a grant of an exclusive right, it is clear that the lessor is under the duty not to lease the restricted premises for the prohibited use or purpose, and that furthermore he is under the duty to insure that under the terms of the subsequent lease the restricted premises cannot lawfully be used by the subsequent lessee for the use or purpose prohibited by the lessor's covenant" (emphasis added). New York decisions support this view (see *Norman v Wells,* 17 Wend 136; *Snyder v Greenblatt,* 28 Misc 2d 403, affd 14 AD2d 888; *People's Trust Co. v Schultz Novelty & Sporting Goods Co., supra).* In each of these cases the court enforced the landlord's covenant not to lease the restricted premises for a particular use rather than find that the lease defining that use conferred an exclusive right. Applying this principle here, the issue to be decided and to which the pleadings should address themselves is whether the defendant tenants were conducting the same *prime* business as plaintiff was. In other words, the issue goes deeper than the fact that one tenant's lease was for a luncheonette and the other for a drugstore. Obviously, these are not the same *prime* businesses as a gift and stationery business, but if the defendant tenants are selling the ·same items as those permitted to plaintiff, and are selling them as more than an incidental part of their businesses, then it may well be that they are engaged in the same prime business as plaintiff, regardless of what their leases may provide *(People's Trust Co. v Schultz Novelty & Sporting Goods Co.,* 244 NY 14, *supra).* Concerning overlapping sales, the court stated in *People's Trust (supra,* p 20): "The business of haberdashery and the business of selling toys, sporting goods and like articles are not similar although they may in some respects overlap. The same things might be sold in both stores to some extent. The purely incidental and occasional sale thereof would not be a breach of the agreement not to carry on a competing business. *(Breck v Ringler,* 129 NY 656; *Greenfield v Gilman,* 140 NY 168). Names do not count. The substance must be considered." It is the substance which also concerns us here, but the pleading should accurately indicate what the issue is. Accordingly, plaintiff may seek its relief under a properly pleaded theory. Gulotta, P. J., Rabin, Martuscello and Shapiro, JJ., concur; Hopkins, J., dissents and votes to reverse and to deny the motions to dismiss the complaint, with the following memorandum: We deal here merely with a question of pleading. The amended complaint challenged by the motions is somewhat diffuse and lacks incisiveness, but the time is past when pleading is governed by the need to use the talismanic phrase, or else the cause of action is lost. Now our inquiry is directed toward the point whether the pleading suffices to give notice of the transactions furnishing the body of a cognizable cause of action (CPLR 3013), and we are told to construe the pleading liberally, disregarding defects if a substantial right is not prejudiced (CPLR 3026). As we have said, "The test of prejudice is to be given primary emphasis" *(Catli v Lindenman,* 40 AD2d 714, 715; cf. *Roberts v Grandview Dairy,* 20 AD2d 574). Judged by these standards, the amended complaint in my view passes the test. The amended complaint pleads two causes of action. Both relate to a lease between defendant Third Nassau Corp., as landlord, and plaintiff, as tenant. The lease contains a provision permitting the use of the leased premises by plaintiff as " 'Stationer' or Gift Book Shop (which includes sale of Greeting Cards, a name brand candy such as 'Barricini', Books, Party

Favors, Special Printed Stationery and incidental games & toys." The lease also provides that the "Landlord will not rent any other store for a prime business as specified in this lease." The amended complaint asserts that Third Nassau, subsequent to the time of plaintiff's lease, rented premises to defendant H. H. L. Corp. for occupancy as a luncheonette, and rented other premises to defendant Lawrence Drug Co. as a drug store. It further asserts that thereafter H. H. L. Corp. sold Barricini candy and other items specified in plaintiff's lease and that Lawrence sold greeting cards, stationery and other items specified in plaintiff's lease. By the first cause of action plaintiff seeks an injunction against defendants from conducting, or permitting the conduct of, the sale of items specified in plaintiff's lease, and for damages arising out of such sale. By the second cause of action plaintiff seeks damages arising out of an alleged conspiracy among defendants to sell, or to permit the sale of, items in violation of plaintiff's rights under its lease. Special Term granted defendants' motions to dismiss the amended complaint on the ground that neither cause of action was valid as a matter of law. However, it is settled principle that a tenant may sue to enforce a provision in his lease restricting the competition by other tenants of the landlord with the business of the complaining tenant *(People Sav. Bank of Yonkers, v County Dollar Corp.,* 43 AD2d 327, affd 35 NY2d 836; *Snyder v Greenblatt,* 28 Misc 2d 403, affd 14 AD2d 888; *Nagy v Ginsberg,* 282 App Div 842; *Baumann & Co., Brooklyn v Manwit Corp.,* 213 App Div 300; *Waldorf-Astoria Segar Co. v Salomon,* 109 App Div 65; cf. *People's Trust Co. v Schultz Novelty & Sporting Goods Co.,* 244 NY 14, 21; Ann., 97 ALR2d 4). A competing tenant may be enjoined or held liable if he had notice of the restrictive clause *(Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 315–316). Here the landlord's promise is clear; it agreed not to rent other premises "for a prime business as specified in this lease." True, plaintiff does not allege that Third Nassau did so; it alleges, rather, that the landlord rented premises as a drug store, and other premises as a luncheonette. Nevertheless, plaintiff pleads further that the landlord rented such stores knowing and encouraging the other tenants to use their premises in competition with plaintiff by selling items specified in plaintiff's lease as its prime business. These allegations to my mind make out a cause of action. Of course, this does not mean that plaintiff has proved its case. No doubt, the question of overlap must ultimately be decided at a trial. A drug store has a ubiquitous spread of business in today's setting; to a lesser degree, so has a luncheonette. Yet, limits to any business may be prescribed by a lease between the proprietors of a drug store or luncheonette with their landlord, and on this record those leases are not before us. Moreover, limits may be imposed on any tenant by notice of the provisions of a prior lease. There may be, as the result of the fact-finding process, determinations of the nature and volume of overlapping items to be made at the trial (cf. *People's Trust Co. v Schultz Novelty & Sporting Goods Co.,* 244 NY 14, 20–22, *supra; Larchmont Drug Store v 4915 Realty Corp.,* 278 App Div 954, affd 303 NY 845; *Topol v Smoleroff Development Corp.,* 264 App Div 164). These questions on motions to dismiss the pleading are not presented for our decision.