| |
|---|
| **Tippin v 3M Co.** |
| 2024 NY Slip Op 31235(U) |
| April 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 190062/2021 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ADAM SILVERA                          PART           13

                                            *Justice*

-------------------------------------------------------------------X

COREY G. TIPPIN,

                              Plaintiff,

                    - v -

3M COMPANY, ALCAT, INCORPORATED, AMERICAN
INTERNATIONAL INDUSTRIES, AVON PRODUCTS,
INC.,BOURJOIS, LTD, BRENNTAG NORTH AMERICA,
INC, BRENNTAG SPECIALTIES, LLC,BRISTOL-MYERS
SQUIBB COMPANY, CHANEL, INC.,CHATTEM,
INC.,COLGATE-PALMOLIVE COMPANY, COTY
INC.,GLAMOUR INDUSTRIES CO., JOHNSON &
JOHNSON, JOHNSON & JOHNSON CONSUMER
INC.,KERR CORPORATION, KRYOLAN CORPORATION,
L'OREAL USA, INC.,MAX FACTOR CO.,
INC.,MAYBELLINE, INC.,PFIZER INC.,R.T. VANDERBILT
HOLDING COMPANY, INC.,REVLON, INC.,THE
NESLEMUR COMPANY, UNION CARBIDE
CORPORATION, VANDERBILT MINERALS,
LLC,WHITTAKER CLARK & DANIELS, INC.,YVES SAINT
LAURENT AMERICA, INC.,BLOCK DRUG COMPANY, INC.
IND. AND AS SUCCESSOR-IN-INTEREST TO THE GOLD
BOND STERILIZING POWDER COMPANY, A/K/A THE
GOLD BOND COMPANY, BLOCK DRUG CORPORATION
IND. AND AS SUCCESSOR-IN-INTEREST TO THE GOLD
BOND STERILIZING POWDER COMPANY, A/K/A THE
GOLD BOND COMPANY, JANSSEN PHARMACEUTICALS,
INC.,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST
TO JOHNSON & JOHNSON SUBSIDIARIES NAMED
JOHNSON & JOHNSON CONSUMER INC.,JOHNSON &
JOHNSON HOLDCO (NA) INC.,F/K/A JOHNSON &
JOHNSON CONSUMER INC.,KENVUE
INC.,INDIVIDUALLY AND AS SUCCESSOR-ININTEREST
TO JOHNSON & JOHNSON CONSUMER INC.,LTL
MANAGEMENT LLC

                              Defendant.

-------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 190062/2021 |
| MOTION DATE | 01/23/2024 |
| MOTION SEQ. NO. | 018 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 018) 1083, 1084, 1085, 1086, 1087, 1088, 1128, 1129, 1130, 1131, 1132, 1133, 1134, 1135, 1136, 1137, 1138, 1139, 1140, 1141, 1142, 1143, 1144, 1145, 1146, 1147, 1148, 1149, 1150, 1151, 1152, 1153, 1154, 1155, 1156, 1157, 1158, 1159, 1160, 1161, 1162, 1163, 1164, 1165, 1166, 1167, 1168, 1169, 1170, 1171, 1172, 1173, 1174, 1175, 1176, 1177, 1178, 1179, 1180, 1181, 1184

were read on this motion to/for                          DISMISS

Upon the foregoing documents, it is ordered that defendants Johnson & Johnson Holdco (NA) Inc. ("Holdco") and Kenvue Inc.'s ("Kenvue") motion to dismiss pursuant to CPLR 3211(a)(1) and 3211(a)(7) is denied. Defendant Janssen Pharmaceuticals, Inc.'s ("Janssen") unopposed motion is granted.

Defendants Holdco and Kenvue argue both that (1) Texas law should apply, and that (2) both Holdco and Kenvue possess no successor liability regarding talc from Johnson & Johnson's consumer division. *See* Defendants Johnson & Johnson Holdco (NA) Inc., Janssen Pharmaceuticals Inc., and Kenvue Inc.'s Memorandum of Law in Support of Dismissal, p. 7-11. Moving defendants state that Texas law would govern the assignment of liabilities to entities created pursuant to the Texas divisional merger and that this complies with New York choice of law provisions. *Id.* Defendants further argue that even under New York law, the "de facto merger" and "mere continuation" doctrines fail to apply to them, and thus, fail to import any successor liability. *Id.*

In opposition, plaintiff outlines the history of moving defendants' corporate restructuring and creation, co-defendant's multiple attempted bankruptcy proceedings, as well as an abundant of facts contributing to "de facto merger" and "mere continuance" analyses to support their theory of successor liability. *See* Plaintiff's Memorandum of Law in Opposition to Johnson & Johnson Holdco (NA) Inc. and Kenvue's Motions to Dismiss Plaintiff's Second Amended Compalint [*sic*] p. 3-15. Specifically, plaintiff argues that none of defendants' entities are incorporated in Texas and that Texas has no interest in the outcome of the instant litigation. *Id.* Moving defendants reply, reiterating that Texas law should apply and that no talc liability has been transferred to them.

[* 2]

Pursuant to CPLR 3211(a)(1), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that: (1) a defense is founded upon documentary evidence". Additionally, on a motion to dismiss pursuant to CPLR 3211(a)(7), the movant has the burden to demonstrate that, based upon the four corners of the complaint liberally construed in favor of the plaintiff, the pleading states no legally cognizable cause of action. *See Leon v Martinez*, 84 NY2d 83, 87-88 (1994). A motion to dismiss the complaint for failure to state a cause of action "will generally depend upon whether or not there was substantial compliance with CPLR 3013." *Catli v Lindenman*, 40 AD2d 714, 715 (2d Dep't 1972). If the allegations are not "sufficiently particular to give the court and parties notice of the transactions intended to be proved and the material element of each cause of action", the cause of action will be dismissed. *See Catli*, 40 AD2d at 715. CPLR 3013 provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense."

Preliminarily, the Court notes that moving defendants' reliance on CPLR 3211(a)(1) fails as the Texas divisional merger documents do not "conclusively establish a defense as a matter of law." *Goshen v Mutual Life Ins. Co.*, 98 NY2d 314, 326 (2002). According to moving defendants, the merger plan states that LTL Management bore the sole responsibility for talc liability of Johnson & Johnson Consumer Inc. Nevertheless, such document is not a total defense to the instant action. Moving defendants argue that New York applies a choice of law approach for successor liability which holds that the law of the state of incorporation governs. However, "[i]n the context of tort law, New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied in the litigation. The

[* 3]

greater interest is determined by an evaluation of the facts or contacts which relate to the purpose of the particular law in conflict. Two separate inquiries are thereby required to determine the greater interest: (1) what are the significant contacts and in which jurisdiction are they located; and, (2) whether the purpose of the law is to regulate conduct or allocate loss." *Padula v Lilarn Properties Corp.*, 84 NY2d 519, 521 (1994) (internal citations and quotations omitted). "If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." *Id.* at 522.

The Court of Appeals has addressed the above standard in the corporate context regarding contracts and liability insurance issues. "In the context of liability insurance contracts, the jurisdiction with the most 'significant relationship to the transaction and the parties' will generally be the jurisdiction 'which the parties understood was to be the principal location of the insured risk ... unless with respect to the particular issue, some other [jurisdiction] has a more significant relationship'". *In re Liquidation of Midland Ins. Co.*, 16 NY3d 536, 544 (2011). Additionally, the Appellate Division, First Department, has held that "the law of the jurisdiction where the tort occurred will generally apply". *Devore v Pfizer, Inc.*, 58 AD3d 138, 141 (1st Dep't 2008)(internal citations omitted).

Here, there is no basis for Texas law to apply as moving defendants are not incorporated or domiciled in Texas, nor is Texas the state of "the locus of the tort" or the forum where the transactions incurring liability occurred. As such, Texas has no interest in the outcome of the instant action, and further has no interest in regulating behavior associated with the allegations herein. As to establishing successor liability under New York law, plaintiff has provided details

[* 4]

sufficient to demonstrate that a cause of action was pled such that dismissal of this action is denied. *See* Plaintiff's Memorandum of Law in Opposition, *supra*, at p. 6-13.

Accordingly, it is

ORDERED that defendant Janssen's unopposed motion to dismiss is granted; and it is further

ORDERED that the complaint is dismissed in its entirety against defendant Janssen with costs and disbursement to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant only; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that defendants Holdco and Kenvue's motion to dismiss is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 04/10/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ADAM SILVERA, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |